[No. 1,049.]

# THE STATE OF NEVADA, RESPONDENT, *v.* THOMAS PARKER, APPELLANT.

CERTIFICATE OF INCORPORATION—NOT READ TO THE JURY.—A certificate of incorporation of the C. P. R. R. Co., was admitted in evidence without objection. *Held*, that the defendant was not prejudiced because it was not read to the jury.

OWNERSHIP OF RAILROAD CAR—SUFFICIENCY OF PROOF TO SUPPORT INDICTMENT.—Testimony was given that the car, which the defendant was charged with burglariously entering, was upon the track of the C. P. R. R. Co., attached to its train, and in its possession, occupancy, and control: *Held*, that the ownership of the car was properly laid in the C. P. R. R. Co., although the legal title was in another.

SECTION 167, CR. PR. ACT, CONSTRUED—RECOGNIZANCE—ADMISSION OF DEPOSITION.—Section 167 of the criminal practice act, as amended in 1867, does not make the taking of a recognizance a condition precedent to the admission of the deposition.

SECTION 151 OF THE CR. PR. ACT CONSTRUED—WITNESS OUT OF STATE.—A deposition of a witness taken under section 151 of the criminal practice act, can not be used in evidence without proof that at the time of the trial the witness was "sick, out of the State, dead, or that his personal attendance could not be had in court."

IDEM—TESTIMONY.—Testimony stated and held insufficient to show that the witness, whose deposition had been taken, was out of the State, or that his personal attendance could not have been procured.

APPEAL from the District Court of the Seventh Judicial District, Elko County.

The facts are stated in the opinion.

*J. H. Rand,* for Appellant:

I. The court erred in admitting the deposition of Mercer, taken before the committing magistrate. (*Coleman* v. *State,* 58 N. Y. 555; *Rosenweig* v. *The People,* 63 Barb. 634; *Jones* v. *Planters' Bank,* 3 Hump. 78.)

II. The ownership of the goods was laid in A. W. Mercer, and it was incumbent on the prosecution to prove the ownership as laid. (1 Bishop Cr. Pro., 2d ed., 147; 512; 3 Greenl. Ev., secs. 10–13; *Wilburn* v. *State,* 41 Tex. 237.)

III. The introduction of such testimony under the circumstances assumed by the prosecution to have existed in this case is in derogation of common law. (3 Greenl. Ev.,

sec. 11; *Dominges* v. *State*, 7 S. & M. 475; 1 Bish. Cr. Pro.,
2d ed., secs. 1092–1093; 1 Nev. 27; 25 Cal. 400.)

IV. There was no sufficient proof that the witness was examined in the presence of the defendant. (3 Greenl. Ev. sec. 11; 1 Bish. Cr. Pro, sec. 1093; Crim. Pr. Act, sec. 151).

V. There is no evidence that the magistrate required of the witness, Mercer, any surety for his appearance to testify at the trial of the cause. The intention of the statutes was to compel the attendance of the witness at the trial. The defendant had a right to presume that the magistrate would perform his duty and obey the plain mandate of the law.

VI. There was no sufficient evidence that the witness was absent from the state at the time of the trial, to justify the court in admitting the evidence.

VII. There was an absolute failure of proof to show that the case, entered by defendant, was the property of the Central Pacific railroad company. And the court should have given the instruction asked by the defendant, and refused by the court. (29 Cal. 257; 28 Ind. 321; 6 Nev. 175; 12 Id. 601; 2 Bish. Cr. Pro., sec. 137; 48 Cal. 551.)

*M. A. Murphy*, Attorney General, for Respondent:

I. The deposition was properly admitted. (1 Comp. L. 1779–1799.)

II. The testimony of Lane was sufficient to satisfy the court that the witness Mercer was without the state. (Eng. Com. L., vol. 3; 2 and 3 Stark. N. P. 379, star notes, 208, 209; 1 Greenl. Ev., sec. 163.)

By the Court, LEONARD, C. J.:

Appellant was convicted of the crime of burglary in entering, at Elko, a smoking-car of the Central Pacific railroad company, attached to an eastern-bound train of said company, with intent to commit petty larceny by burglariously and feloniously taking, stealing, and carrying away one overcoat, together with certain articles in the pockets thereof, the property of one A. W. Mercer, and of the value of twenty-five dollars. He appeals from the judgment.

1. A certificate of the articles of incorporation of said Central Pacific railroad company was offered in evidence and admitted, to prove its corporate existence, but it was not read or exhibited to the jury; and it is claimed that, until read to the jury, there was no evidence upon which they could act, that the company was incorporated as charged in the indictment.

There is no complaint, nor was it objected at the trial, that the certificate was not what it purported to be, or that it was incompetent evidence of the fact sought to be proved thereby. It was admitted without objection. From its admission under such circumstances, the jury had a right to presume the instrument was what it purported to be— proof of the incorporation of the Central Pacific railroad company. Confessedly, then, there was ample evidence admitted upon this point to support the verdict and judgment, and there is none against it. We must, therefore, consider it as established that the company was, in fact and in law, a corporation.

Conceding, then, for the sake of the argument, that the certificate should have been read to the jury, still, the failure to do so, does not justify us in disturbing a judgment, which, upon this point, is fully supported by the facts. If there was an error it was one without prejudice to the defendant. If the certificate had been read, the verdict, so far as this question is concerned, ought to have been what it was.

2. There was sufficient evidence that the car was the property of the Central Pacific Railroad Company, as alleged in the indictment. It was upon the track of that company, attached to its eastern-bound train, and in its possession, occupancy, and control. Such being the facts, the ownership was properly laid in the Central Pacific Company, although the legal title was in another, which fact, however, from the testimony of Mr. Coddington, is at least improbable, although, on cross-examination, he was unable to testify positively on the subject, upon his own knowledge. (2 Bish. Crim. Proceed., sec. 138; *Markham* v. *The State*, 25 Ga. 52.)

3. At the trial, a deposition of said A. W. Mercer, taken at appellant's preliminary examination, was offered and admitted in evidence, against the objections of his attorney, who now insists that such admission was error for many reasons. That Mercer's testimony was material, is not disputed. It was the only evidence in the case tending to prove the ownership of the property taken from the car by appellant, as alleged in the indictment. It was material for other reasons, which need not be stated.

We think the certificate of the justice shows that the witness was examined and cross-examined in the presence of appellant, and that it is otherwise sufficient to warrant the admission of the deposition under proper circumstances.

It is urged by counsel for appellant that it was error to admit the deposition, without showing that the witness, Mercer, entered into a written recognizance to appear and testify at the trial, as required by the statute (C. L. 1795), which provides, in substance that, "on holding the defendant to answer, the magistrate shall take from each of the material witnesses examined before him a written recognizance that he will appear and testify at the trial court, or that he will forfeit the süm which may be ordered by the court." In view of our conclusion upon one point of objection made by counsel, it becomes necessary to decide this question: Was it the intention of the legislature of 1867 to make the giving of a recognizance a condition precedent to an admission of the deposition, when the witness is sick, out of the state, dead, or when his personal attendance can not be had in court? (C. L. 1779.) No authorities are cited by either side, and so far as we are informed, the question is *res integra.*

In the criminal practice act of 1861 (sec. 167) the magistrate was required to take from each of the material witnesses examined before him, on behalf of the people, a written recognizance to appear and testify at the trial, or that he would forfeit the sum of five hundred dollars. (Stat. 1861, 453.) At that time the statute made no provision for the admission of depositions taken at preliminary examinations, nor was such provision made until 1867,

when section 151 was so amended (C. L. 1779) as to permit, under the circumstances therein stated, the admission of depositions at the trial. So it is evident that the legislature of 1861 did not intend what is now claimed by counsel for appellant, because by section 167 recognizances of the people's witnesses were required, while the use of their depositions at the trial was not permitted by statute. The intention at that time seems to have been, mainly at least, to insure the presence at the trial of the material witnesses for the prosecution. At the session of 1867 section 167 was amended so as to require the magistrate to take from each material witness *examined before him* a written recognizance to appear and testify at the trial, or that he would forfeit the sum which might be ordered by the court. The three sections which follow have never been amended, and with those preceding, they show to our minds that the legislative intent has always been the same—that is, to secure the attendance of witnesses required to give recognizances, as well after 1867, when depositions were admitted in certain cases, as before, when the statute did not provide for their admission in any event. We think the legislature of 1867 had but one object in amending section 167, which was to secure, or to aid in securing, the attendance of the defendant's witnesses as well as those for the state, and that it did not intend to make the taking of a recognizance a condition precedent to the admission of the deposition.

Section 151 (C. L. 1779) states the circumstances under which depositions may be used by either party at the trial, and we can not change them by adding conditions not stated, or subtracting those specified.

Should either party induce a witness not to appear at the trial, that fact proven would, probably, debar such party from the right to use the deposition, in case the witness is out of the state, or unable to attend, on account of the acts of that party; but we think of no other case where the deposition may not be used under the circumstances mentioned in section 151.

It is the duty of the magistrate to obey the statute in relation to the taking of recognizances of material witnesses,

and it is the same in respect to other requirements touch-
ing preliminary examinations. A defendant can, however,
always protect himself if, he sees fit, by having the deposi-
tions of his witnesses taken conditionally, under section 171;
and as to the. witnesses for the state, he has a right to
cross-examine them fully at the preliminary examination.

Finally, it is claimed by appellant's counsel that the
court erred in admitting Mercer's deposition because there
was no proof that he was · " sick, out of the state, dead,
or that his personal attendance could not be had in court."
We think this objection is well taken. The statute pro-
vides that, depositions taken upon preliminary examina-
tions, reduced to writing and authenticated by the magis-
trate as therein required, "may be used by either party on
the trial of the cause, * * * when the witness is sick,
out of the state, or when his personal attendance can not
be had in court." (C. L. 1779.)

It admits of no discussion that it was incumbent upon
the state to show, by some proof at least, the existence of
one of the conditions stated in the statute; for it is only
when the witness is sick, etc., that the right to use the de-
position is given. It is not shown whether Mercer was a
resident of the state or not. So far as we know, he may
have resided in the town of Elko, where the case was tried.
. The only evidence given as a foundation for the introduc-
tion of the deposition in question, is as follows: John M.
Lane, constable, said: "Saw a man in Elko on the evening
of the fifth day of November, 1880, who said his name was
A. W. Mercer. He went by the name of A. W. Mercer
here. I heard him testify before the committing magistrate
on the hearing upon this case. He had a ticket for Chicago;
said he was going to Kankakee, Illinois. I saw him get on
the cars going east on the evening of the sixth of Novem-
ber, 1880; have not seen him since." There was then no
proof that the witness was sick, or dead, and we think there
was nothing to show that he was out of the state, or that
his personal attendance could not have been had in court.
The cause was tried November 26, and he left Elko on the
cars on the sixth of the same month. He had time enough,

and more, to go to Illinois and return, between the two dates mentioned. Besides, he may not have gone beyond the first station east of Elko. He may not have intended, in fact, to leave the state. So far as we know, no effort was made to find him or produce him in court. No subpœna was issued for him. So we say again, there was absolutely no proof that he was out of the state, or that his personal attendance could not have been had in court. For the error in admitting the deposition without proof of some one of the conditions stated in section 151, the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.