[Crim. No. 894. Department Two.—December 20, 1902.]

## THE PEOPLE, Respondent, v. EDWARD WEBBER, Appellant.

CRIMINAL LAW—BURGLARY UPON RAILROAD CAR—OWNERSHIP—VARIANCE. —Upon the trial of a defendant charged with burglary upon a railroad car the ownership alleged must be proved; and when the proof shows ownership by a different railroad company from that alleged the variance is fatal.

ID.—PLEADING—UNCERTAIN DESCRIPTION OF CAR.—An information for burglary committed upon a railroad, which does not particularize the car alleged to have been burglarized, by number or other description identifying the car entered, or the train of which it was a part, is fatally uncertain.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion.

Paul C. Harlan, and O. R. Coghlan, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

CHIPMAN, C.—Defendant was accused by the district attorney of Solano County of the crime of burglary, committed as follows: "The said Edward Webber on the twenty-first day of January, A. D. 1891, at and in the state of California, . . . did unlawfully, feloniously, and burglariously enter a certain railroad car and train, to wit: a railroad car and train owned and operated by the Southern Pacific Company (a corporation), said railroad car and train, at the time aforesaid, being in the prosecution of its trip, and Solano County, in said state of California, at said time, being a county through which said car and train passed in the course of its said trip, with felonious and burglarious intent, then and there, and in said railroad car and train, to commit the crime of larceny, contrary," etc. Defendant was found guilty, and now appeals from the judgment of conviction and from the order denying his motion for a new trial.

Defendant demurred to the information on the grounds that,—1. That "it does not substantially conform to the requirements of sections 950, 951, 952 of the Penal Code"; and 2. That the facts stated do not constitute a public offense. A motion was made in arrest of judgment on the same grounds, alleging particularly that the allegations of the information "as to the place where the burglary charged was committed, are not either direct or certain, but, on the contrary, are indefinite, uncertain, evasive, inconsistent, and repugnant to one another." The demurrer was overruled and the motion was denied. Defendant urges these rulings as error.

The offense charged in the information was laid under section 783 of the Penal Code, which provides ". . . and when the offense is committed in this state, on a railroad train or car prosecuting its trip, the jurisdiction is in any county through which the train or car passes in the course of her trip, or in the county where the trip terminates." This section relates to the question of jurisdiction. We must look to section 459 of the Penal Code for a definition of the offense, and it is there provided: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store,

mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary." The evidence was that the car shown to have been entered was marked "O. S. L." and was the property of the Oregon Short Line Railway Company and was numbered 14,087, and that this company is distinct from the Southern Pacific Company.

Appellant contends that the information is not certain as to the particular circumstances of the offense, as required by section 952 of the Civil Code, in this,—1. That the particular car alleged to have been burglarized is not designated; and 2. It is not certain as to where the offense took place. It is further contended that the evidence is insufficient to justify the verdict, and that there was a fatal variance between the allegation and proof of ownership. The allegation is, that defendant entered "a certain railroad car and train, to wit: a railroad car and train owned and operated by the Southern Pacific Company," with felonious intent, "in said railroad car and train," to commit the crime of larceny. The statute of Alabama declared that "the breaking and entry into a railroad car, in which goods . . . are kept . . . with the intent to steal, . . . is burglary, . . ." It was held to be the rule that when in an indictment it is necessary to aver ownership of property, if at the time of the commission of the offense there is a general and special ownership, the ownership may be alleged in either the general or special owner, and it was said that the question most often arises when at the time of the stealing, the goods were in possession of a bailee; "an averment that they were the property of the bailee, or of the bailor, is good, if supported by proof of the general, or of special ownership." The entry was held properly alleged to be in a car the property of the Louisville and Nashville Railroad Company, though the South and North Alabama Railroad Company may have had the possession and use of it, and it was said: "There must, however, have been evidence to support the averment of ownership." The judgment was reversed for failure to prove the ownership as averred.

In *State* v. *Hill*, 48 W. Va. 132, the defendant was convicted of burglariously breaking into a box-car on the Baltimore and Ohio Railroad and stealing a hog. The indictment alleged

that the car was the property of the Pittsburg, Cincinnati, ·Chicago, and St. Louis Railroad Company, in the custody of the Baltimore and Ohio Railroad Company. The prosecution failed to prove that the car was the property of the company alleged to be the owner. In setting aside the verdict the court said: "The car being in the special custody of the Baltimore and Ohio Railroad Company, it was not necessary to allege its general ownership, but an allegation of special ownership would have been sufficient; but, having alleged the ownership, it must be proven accordingly, for the protection of the prisoner; otherwise, he could be again indicted for the same offense proven, as being a different offense from that alleged. The Baltimore and Ohio Railroad Company may have in its care and custody at the same time many cars of various roads. An indictment for the breaking into the house of one person cannot be sustained by proof of breaking into the house of another. And an indictment for breaking into the car· of a given railroad company cannot be sustained by proof of breaking into the car of another company." (Citing Wharton on Criminal Evidence, sec. 94, and also sec. 102a, where it is said: "The name of a corporation must be correctly given, and proven as laid." Citing also *Johnson* v. *State,* 73 Ala. 483.[1]) It was held in *People* v. *Parker,* 91 Cal. 91, that the allegation of ownership of the property entered is necessary "where it constituted the entire and only description of the barn which the defendant is charged with feloniously entering." If the allegation is necessary the proof must also be necessary, and it would follow, in accordance with the rule that the allegation and the proof must agree, that proof of ownership other than that alleged would not support the information. And this is the general rule. (Ency. Pl. & Pr., vol. 3, p. 757, and cases cited.)

We think also that there is fatal uncertainty in failing to particularize the car alleged to have been burglarized, by number or some other description identifying the car entered. Respondent contends that this was no more necessary than that a particular room of a house entered with burglarious intent should be described (citing, *People* v. *Young,* 65 Cal. 225, and *People* v. *Henry,* 77 Cal. 445). In the first of these cases the allegation was, that the defendant feloniously

---

[1] 2 Am. St. Rep. 396.

entered "the building, to wit, the ticket office, of the Central Pacific Railroad Company," and the court said: "Here, where the room in a building was known as the ticket office, it was properly described as a 'building, to wit, the ticket office.' " In the other case cited the point decided was that but one offense was charged in the allegation that defendant "feloniously entered the house, room, apartment, tenement, shop, warehouse, store, and building of," etc. There is no analogy between a building of many rooms and a train of many cars. The statute does not say that it is burglary to feloniously enter a train of cars; the statute says "railroad car." One may commit other offenses on a train of cars, but he can only commit burglary of a railroad car of the train. Each car is separate and distinct from every other car of the train. Cars are being added to and detached from the train at points along the line during its trip; and then, too, on through lines, such as the line of the Southern Pacific Company, there are many trains, freight and passenger, running daily. The defendant should be informed with some degree of certainty at least as to the particular car he is charged with having feloniously entered. There is no difficulty in ascertaining the fact, for all cars bear some distinguishing mark or number. The Penal Code does not relieve the prosecuting attorney from the necessity of informing the defendant with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and, upon acquittal or conviction, plead his jeopardy against further prosecution. (*People* v. *Lee,* 107 Cal. 477; *People* v. *Ward,* 110 Cal. 369.) In the information before us the defendant could make no intelligent preparation for his defense, without being prepared to defend against the charge of feloniously entering every car that was in the train, any one of which the prosecuting attorney might select at the trial. This particular train was an extra freight from Sacramento to Oakland and was composed of cars belonging to different companies, and the conductor testified that "it is quite likely this train stopped to pick up cars." The connection of any one car in the train with another car was, as suggested by defendant, "entirely fortuitous, and only a particular description, of some character or other, could differentiate the particular car entered from some other car that was not entered, and that may have

been a part of the train for only a short time." The information fails to identify either car or train, whether a freight-car or freight-train, or which of a hundred or more cars passing over the road that day, or whether the train was moving from Sacramento to Oakland, or *vice versa.* The attorney-general cites *State* v. *Parker,* 16 Nev. 79, as supporting his contention. In that case the court held the evidence sufficient to support the allegation of ownership. The description was given as a smoking-car belonging to the Central Pacific Railroad Company. If the case can be said to hold that such an information as the one before us is sufficiently certain we cannot follow or approve it.

It is not necessary to notice the errors alleged in the admission and refusal of testimony and in giving certain instructions. They may not occur should the case be again tried.

The judgment and order should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Temple, J., Henshaw, J.