[Crim. No. 1682. In Chambers.—May 27, 1911.]

In the Matter of the Application in Behalf of H. B. WINSTON, for a Writ of Habeas Corpus.

CRIMINAL LAW — MISDEMEANOR — PLEADING IN JUSTICE'S COURT.—In charging a misdemeanor of which justices' courts have jurisdiction it is not necessary that the complaint should conform to the requirements of section 950 of the Penal Code. It is only necessary in such cases to conform to the requirements of section 1426.

ID.—SUFFICIENCY OF COMPLAINT—PARTICULARS OF OFFENSE.—Under section 1426 of the Penal Code, a complaint charging a misdemeanor cognizable in justices' courts is sufficient not only to confer jurisdiction but for every purpose if it is made under oath and sets forth "the offense charged with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the *character* of the offense complained of, and to answer the complaint.

ID.—SIMPLE BATTERY—PARTICULAR ACTS OF FORCE AND VIOLENCE.—A complaint for a simple battery, filed in the justices' court, is sufficient to confer jurisdiction, if it alleges that the defendant, at a specified time and place, did unlawfully and willfully use force and violence upon the person of the affiant, contrary, etc. It was not necessary to allege the particular acts of force and violence.

APPLICATION for a writ of Habeas Corpus directed to the Sheriff of Alameda County.

The facts are stated in the opinion of the Chief Justice.

Black & Black, for Petitioner.

BEATTY, C. J.—This is a petition for a writ of *habeas corpus*. The prisoner is held by the sheriff of Alameda County by virtue of a commitment issued by a justices' court after a judgment of conviction, which has been affirmed on appeal by the superior court. The imprisonment is alleged to be unlawful for the sole reason that the complaint upon which the prosecution was founded was insufficient to confer jurisdiction on the justices' court. So much of the complaint as is material here reads as follows:

"Roland Webb being duly sworn, deposes and says, that H. B. Winston did, in the city of Berkeley, county of Alameda, state of California, on or about the 10th day of July, A. D. 1910, unlawfully and willfully use force and violence upon the person of the affiant, all of which is contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California."

The objections to this charge are that it does not allege the particular acts of force and violence; that it does not conform to the requirements of section 950, or section 1426 of the Penal Code, that it does not state any offense and does not inform

the defendant of the nature of the charge against him so that he could plead the judgment thereon as a bar to a subsequent prosecution for the same offense.

In charging a misdemeanor of which justices' courts have jurisdiction it is not necessary that the complaint should conform to the requirements of section 950 of the Penal Code. It is only necessary in such cases to conform to the requirements of section 1426. Justices' courts have jurisdiction of "batteries not charged to have been committed upon a public officer in discharge of his duties, or to have been committed with such intent as to render the offense a felony." (Pen. Code, sec. 1425.) This complaint alleges every element of a simple battery. "Battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, sec. 242.) A complaint charging a misdemeanor cognizable in justices' courts is sufficient not only to confer jurisdiction but for every purpose if it is made under oath and sets forth "the offense charged with such particulars of time, place, person and property as to enable the defendant to understand distinctly the *character* of the offense complained of, and to answer the complaint." (Pen. Code, sec. 1426.)

This complaint charged, in the language of the statute, every element of the offense of battery, with the particulars of *time, place,* and *person* (no property is involved) and the conviction under it can undoubtedly be pleaded as a bar to any prosecution that may hereafter be instituted for the same offense. The *record* of the conviction, it is true, might not be sufficient, unaided by evidence *aliunde,* to establish the identity of this offense with one hereafter charged in different or even in the same words, but that is not a jurisdictional requirement. The cases cited by counsel from the reports of this state in which it is held that a defendant is entitled to have the charge against him set forth with reasonable particularity in order to enable him to plead a conviction or acquittal in bar of a subsequent prosecution for the same offense are all appeal cases where the question arose upon special demurrer to the indictment, and the reversals were for error in procedure, not for excess of jurisdiction. (*People* v. *Perales,* 141 Cal. 581, [75 Pac. 170]; *People* v. *Ward,* 110 Cal. 369, [42 Pac. 894]; *People* v. *Webber,* 138 Cal. 145, [70 Pac. 1089].) No case involving merely the question of jurisdic-

tion is cited in which the prisoner has been discharged upon the ground here considered.

It must be remembered that in justices' courts nicety of pleading is not exacted in either civil or criminal cases. The rule which confines inferior courts strictly to matters within their jurisdiction does not apply to their proceedings where they are acting within their jurisdiction. Here the complaint clearly charges a simple battery—a case within the jurisdiction of the justices' court, and it charges it with the particulars of time and place and person. It certainly discloses the *character* of the offense charged, and there was nothing to prevent the prisoner from making any defense he could possibly have proved under a plea of not guilty, or either of the pleas of former jeapordy.

Writ denied.