## MARCELLUS SULLIVAN v. STATE.

### No. A-954.   Opinion Filed May 7, 1912.

(123 Pac. 569.)

1. **BURGLARY—Elements of Offense—Indictment or Information—Intent—"Steal."** (a) In an indictment or information charging burglary, based upon the unlawful breaking and entering of a railroad car with intent to steal therein, it is necessary for the allegation of intent to set out the acts required to constitute the crime of stealing at common law.

   (b) "Steal," as the word is used in the burglary statute (section 2554, Comp. Laws 1909), is an offense of such character that it is burglary to break and enter with intent to steal, without regard to the value of the property sought to be taken.

2. **BURGLARY—Indictment—Sufficiency.** An allegation, in an indictment for burglary, that the accused, in the nighttime of a certain day, unlawfully, willfully, feloniously and burglariously did break and enter a railroad car, situated in the city of Shawnee, in the possession of and under the control of a certain railway company, a corporation, the name of the owner thereof being to the grand jurors unknown, is fatally deficient for want of certainty, in the absence of an allegation that a more particular description of the car cannot be given.

3. **BURGLARY—Elements of Offense—"Steal"—"Larceny."** Under Comp. Laws 1909, sec. 2554, making it burglary to break and enter any building, etc., with intent to steal therein, the word "steal" involves a felonious intent on the part of the taker to deprive the owner of property and to convert it to the taker's use; while any trespass involving the taking of personal property with intent to deprive another thereof is "larceny," within section 2557, making it burglary to enter any building, etc., with

intent to commit any felony, larceny, or malicious mischief.

(Syllabus by the Court.)

*Appeal from District Court, Pottawatomie County;*
*Roy V. Hoffman, Judge.*

Marcellus Sullivan was convicted of burglary, and appeals. Reversed and remanded, with directions.

*Blakeney, Maxey & Miley,* for plaintiff in error.

C. P. Holt, Co. Atty., for the State.

ARMSTRONG, J.   The plaintiff in error, Marcellus Sullivan, was convicted at the June, 1910, term of the district court of Pottawatomie county on a charge of burglary, and his punishment fixed at two years' imprisonment in the state penitentiary.

There are many assignments of error.   Among others, it is urged that the court erred in overruling the demurrer to the indictment in this cause, and in overruling the motion in arrest of judgment, based on the insufficiency of the indictment.

The charging part of the indictment complained of is as follows:

"* * * One Will Sullivan, H————, and Marcus Sullivan, late of Pottawatomie county, and within the jurisdiction of this court, in the nighttime of the said day, unlawfully, willfully, and feloniously, and burglariously, did break and enter a railroad car, situated in the city of Shawnee, in the possession of and under the control of the Chicago, Rock Island & Pacific Railway Company, a corporation, the name of the owner thereof being to the grand jurors unknown, and in which said railroad car, goods, ware, and merchandise, the personal property of various and divers persons, the names of whom are to the grand jurors unknown, but being in the possession of and control of the said Rock Island & Pacific Railway Company, a corporation aforesaid, were then and there kept and being, with the unlawful, willful, felonious, and burglarious intent, then and there of the said Will Sullivan, ————, and Marcus Sullivan, the goods, wares, and merchandise and other valuable things, the personal property of various and divers persons, the names of whom are to the grand jurors unknown, but in the possession of and under the control of the same Chicago, Rock Island & Pacific Railway Company, a cor-

poration aforesaid, in the said railroad car then and there kept and being as aforesaid, then and there unlawfully, willfully, feloniously, and burglariously to take, steal, and carry away by stealth; that the said breaking and entering of the said railroad car, as aforesaid, was done and accomplished by the defendants then and there breaking and entering an outer door of said car, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma. V. R. Biggers, County Attorney in and for Said County."

It is contended that there are two defects in this indictment, to wit: The indictment does not sufficiently charge the unlawful intent required by law, and does not describe the car in which the burglary is alleged to have been committed with sufficient definiteness, in the absence of an allegation that a further description is unknown.

Section 2554, Comp. Laws 1909, provides:

"Every person who breaks or enters in the daytime or in the nighttime, either: 1. Any building within the curtilage of a dwelling house, but not forming a part thereof; or, 2. Any building, or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Section 2557, Comp. Laws 1909, provides:

"Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor."

It will be noted that section 2557 omits the element of breaking, and the word "steal," as used in section 2554, is changed to the word "larceny" in section 2557, *supra*. Section 2554 requires an intent to steal therein, in order to constitute the crime of burglary; while the latter requires an intent to commit "any felony, larceny or malicious mischief." The intent necessary in the latter covers a wider range of criminal purpose than the former. It embraces malicious mischief and larceny as well. "Larceny," as used in this section, is a much broader term than the word "steal." In an indictment or information charging burglary, it

is necessary for the allegation of intent to set out fully, in order to describe the crime, the acts necessary to constitute such crime. It is not sufficient to say that the accused intended to steal or intended to commit a felony therein.  See *Holt v. Territory,* 4 Okla. 479, 43 Pac. 1083; also *Sullivan v. Territory,* 3 Okla. 499, 58 Pac. 650.

In *Hughes v. Territory,* 3 Okla. 28, 56 Pac. 708, the Supreme Court of Oklahoma Territory says:

"The Legislature has modified the meaning of the word 'larceny,' as used in the crimes act, so that the taking of personal property, accomplished by fraud or stealth, and with intent to deprive another thereof, is larceny, regardless of whether or not it was taken for the purpose of depriving the owner thereof, or for the purpose of converting it to the use of the taker.  Therefore, while stealing and larceny at common law were synonymous terms, our statute has given to the word 'larceny' a much broader meaning than it then had; while 'steal' or 'stealing' has not been defined by our statutes, and must be construed according to its common-law meaning."

There has been no amendment to the statute since this opinion.

In the case of *Shires v. State,* 2 Okla. Cr. 89, 99 Pac. 1106, it is said:

"The definition of an act made an offense by statute, but not defined by it, may be ascertained by reference to the common law."

Any trespass, involving the taking of personal property, accompanied with an intent to deprive another thereof, is larceny; but stealing requires a felonious intent on the part of the taker to deprive the owner thereof, and to convert the same to the taker's own use, specific proof of which is not necessary to support a conviction under the general larceny statute.  *Crowell v. State,* 6 Okla. Cr. 148, 117 Pac. 883.

If a person takes personal property from another and destroys it, with intent to deprive another thereof, he is guilty of larceny, but not guilty of stealing.  This distinction is very important in this statute, because it obviously does not intend to have the same meaning as grand larceny, which is a felony, and is em-

braced under the general term of any felony. Stealing, as that term is used in the burglary statute, is an offense of such character that it is a burglary to break and enter with intent to steal, without regard to the value of the property sought to be taken; but, not being a statutory offense, acts constituting a common-law stealing must be alleged.

In the case of *Taylor v. State*, 23 Tex. App. 639, 5 S. W. 141, the Texas Court of Criminal Appeals, in discussing the necessity of alleging the intent for which the burglarious entry was made, says:

"It is well settled that an indictment for this offense must allege the felony or theft intended to be committed with the same particularity as would be required in an indictment directly charging such felony or theft."

See, also, *Draughn v. State*, 76 Miss. 574, 25 South. 153; *Barnhart v. State*, 154 Ind. 177, 56 N. E. 212.

The indictment under consideration does not specifically aver acts which constitute any criminal offense known to the statutes. It alleges that the defendant had "a felonious intent to take, steal and carry away by stealth the goods and wares and other valuable things, personal property of various and divers parties, the names of whom being to the grand jurors unknown." There is no allegation of the value of the property, nor that the accused intended to deprive another thereof, so as to constitute grand larceny or petit larceny. The statute with reference to grand larceny is as follows:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with the intent to deprive another thereof." (Section 2591, Comp. Laws 1909.)

Stealing at common law required that the property should be taken with intent to deprive the owner thereof, and to appropriate it to the use of the taker. In the case of *State v. Feeback*, 3 Okla. Cr. 508, 107 Pac. 442, this court made a distinction between crimes purely statutory and those which were offenses at common law in the following language:

"We are not unmindful of the rule that, where a statute defines a crime in general terms, such as murder, arson, burglary, etc., then the indictment must allege the particular acts which

constitute these crimes under the common law; but that rule has no application to the case at bar. A different rule prevails where the crime is purely statutory."

In the case under consideration, the offense is not charged in the language of the statute; nor are sufficient acts set out to constitute stealing at common law. The indictment does not recite the acts and material facts constituting the offense, and is therefore not sufficient upon which to base a prosecution. See *Hendrix v. United States,* 2 Okla. Cr. 240, 101 Pac. 125; *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; *Clark v. State,* 6 Okla. Cr. 100, 116 Pac. 200; *Reed v. State,* 66 Ark. 110, 49 S. W. 350.

The description of the car given in the indictment is fatally defective; in fact, it is no description at all. This question was before the Supreme Court of California in the case of *People v. Webber,* 138 Cal. 145, 70 Pac. 1089, and we quote, with approval, from the opinion of that court the following:

"We think, also, that there is fatal uncertainty in failing to particularize the car, alleged to have been burglarized, by number or some other description identifying the car entered. Respondent contends that this was no more necessary that that a particular room of a house, entered with burglarious intent, should be described, citing *People v. Young,* 65 Cal. 225, 3 Pac. 813, and *People v. Henry,* 77 Cal. 445, 19 Pac. 830. In the first of these cases, the allegation was that the defendant feloniously entered 'the building, to wit, the ticket office, of the Central Pacific Railroad Company,' and the court said: 'Here, where the room in a building was known as the ticket office, it was properly described as a "building, to wit, the ticket office." ' In the other case cited, the point decided was that but one offense was charged in the allegation that defendant 'feloniously entered the house, room, apartment, tenement, shop, warehouse, store, and building of,' etc. There is no analogy between a building of many rooms and a train of many cars. The statute does not say that it is burglary to feloniously enter a train of cars; the statute says 'railroad car.' One may commit other offenses on a train of cars; but he can only commit burglary of a railroad car of the train. Each car is separate and distinct from every other car of the train. Cars are being added to and detached from the train at points along the line during its trip; and then, too, on through lines, such

as the line of the Southern Pacific Company, there are many trains, freight and passenger, running daily. The defendant should be informed with some degree of certainty, at least, as to the particular car he is charged with having feloniously entered. There is no difficulty in ascertaining the fact; for all cars bear some distinguishing mark or number."

There is no allegation in the indictment that a more complete or particular description of the car cannot be given, but merely that the ownership of the car cannot be given. Upon a reading of the record in this case, the necessity for a more definite description of the car is apparent. On the trial, after the introduction of evidence of breaking into other cars, one transaction was finally selected. Up to that time, the accused had no information as to what car was being prosecuted for burglarizing. See *In re Myrtle*, 2 Cal. App. 383, 84 Pac. 335. The demurrer to the indictment should have been sustained.

The judgment of conviction is reversed, and the cause remanded, with direction to the trial court to sustain the demurrer and hold the accused for further proceedings in accordance with law.

FURMAN, P. J., and DOYLE, J., concur.