## HARRY PARKER v. STATE.

No. A-2611.   Opinion Filed June 2, 1917.

(165 Pac. 622.)

**BURGLARY—Indictment—Sufficiency.** The information in the case at bar does not state a public offense under the doctrine announced by this court in **Sullivan v. State of Oklahoma**, 7 Okla. Cr. 307, 123 Pac. 569.

*Appeal from District Court, Marshall County;*
*George C. Crump, Assigned Judge.*

Harry Parker was convicted of burglary, and appeals. Reversed.

*Rider & Hurt,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Harry Parker, was convicted in the district court of Marshall county on a charge of burglary, and his punishment fixed at imprisonment in the state penitentiary for two years.

The charging part of the information upon which the conviction is based is as follows:

"That * * * the said defendant did, * * * unlawfully, wrongfully, fraudulently, burglariously and feloniously break into and enter by breaking the seal upon and opening a certain freight car, the same being the property of the St. Louis & San Francisco Railroad and in which there was stored and kept certain personal property, with the unlawful, burglarious and felonious intent then and there on the part of him, the said Harry Parker, to commit larceny therein, contrary to the form of the statute in such case made and provided, etc."

The sufficiency of this information was raised by informal demurrer and by proper motion in arrest of judgment.

The objections to this information are discussed at length in the opinion of this court in the case of *Sullivan v. State*, 7 Okla. Cr. 307, 123 Pac. 569. We deem it unnecessary to consider them again. County attorneys will experience no difficulty in following the doctrine in the Sullivan Case.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrer, with leave to the county attorney to file a proper information.

DOYLE, P. J., concurs.