[Criminal No. 471. Filed November 13, 1919.]

[184 Pac. 942.]

## BAILEY EARP, Appellant, v. STATE OF ARIZONA, Respondent.

1. INDICTMENT AND INFORMATION — INFORMATION INSUFFICIENT FOR FAILING TO STATE ACTS CONSTITUTING OFFENSE.—In view of Penal Code of Arizona of 1913, sections 934, 936, 938, 939, 943, and Constitution, article 2, section 24, an information charging that accused, "on or about the twenty-seventh day of December, 1918, at and in the county of Yuma, state of Arizona, did then and there willfully and unlawfully give, sell, and dispose of intoxicating liquor to another, contrary," etc., was fatally defective, in that it did not contain a statement of the acts constituting the offense in ordinary and concise language notwithstanding the rule as to the sufficiency of charging offense in the language of the statute.

2. INTOXICATING LIQUORS—INFORMATION MUST GIVE NAME OF BUYER OF LIQUOR.—An information for violation of the prohibition law must, in view of Penal Code of Arizona of 1913, sections 934, 936, 938, 939, 943, and Constitution, article 2, section 24, name the person to whom the liquor was sold or given.

[As to prohibited sales and gifts in general, see note in 12 **Am. St. Rep.** 353.]

APPEAL from a judgment of the Superior Court of the County of Yuma. F. L. Ingraham, Judge. Reversed, with directions.

Mr. A. J. Eddy, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. C. M. Gandy, Mr. L. B. Whitney, Mr. A. B. Baker, and Mr. F. J. K. McBride, Assistant Attorneys General, and Mr. W. F. Timmons, County Attorney, for the State.

ROSS, J.—The appellant was charged with violating the prohibition laws by information, the accusing part thereof being as follows:

"The said Bailey Earp, on or about the twenty-seventh day of December, 1918, . . . at and in the county of Yuma, state of Arizona, did then and there willfully and unlawfully give, sell, and dispose of intoxicating liquor to another, contrary. . . . "

To this information he demurred because, as he alleges "it does not contain a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended, and is not direct and certain as to the offense charged or the particular circumstances of the offense charged."

The demurrer was overruled, and upon a trial appellant was convicted. He assigns the overruling of the demurrer as error.

The information does not give the name of the person who, on or about December 27th, purchased from appellant the intoxicating liquor, nor does it set forth any other fact or facts to identify the particular transaction intended to be charged. The only definite and certain allegation is that a sale was made by appellant "to another" in Yuma county, Arizona. The date of the sale as given does not tend to identify the offense because a conviction could be had under the law by proof establishing a sale in Yuma county at any time within two years before the filing of the information. Penal Code, § 939.

It is provided by section 936, Penal Code, that "the indictment or information must be direct and certain as it regards . . . (2) the offense charged; . . . " and, according to section 943, "the indictment or information is sufficient, if it can be understood therefrom . . . (6) that the act or omission charged as the offense is clearly and distinctly set forth

in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. . . . "

Does this information meet the requirements of these sections of the statute? It names an offense of a class but it does not point out the particular one of that class for the commission of which appellant is to be tried. It covers any and every possible offense within the class that appellant may have or could have committed within two years before the information was filed, and one as directly and certainly as any other. If the prosecution may, at any time up to and before the introduction of its testimony under the information, select any one of a number of violations of the law by a defendant where the violations may consist in each case in selling liquor to a different person at different times and places, the information is anything but "direct and certain as it regards the offense charged." No person can tell by reading such an information what "act"—sale or gift—was intended to be charged as the offense. The act charged as the offense—some particular, certain act—must be "clearly and distinctly set forth," that is, described so as to distinguish it from any other act of the class to which it belongs, "and in such manner as to enable a person of common understanding to know what act is intended" to be charged as constituting the offense. Under other provisions of our statute the indictment or information must charge but one offense (section 938, Penal Code), and it must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Section 934, Penal Code.

"The object of these provisions is to present a distinct issue for trial, and clearly inform a defendant of that with which he is charged, that he may prepare to meet it." *People* v. *Cunningham,* 66 Cal. 668, 4 Pac. 1144.

If the prosecution may await the commencement of the trial and then, for the first time, select one of a class of acts included in the terms of the information upon which a conviction will be asked, all of these objects would be completely defeated. A defendant would be as well apprised of the particular offense laid against him if the information simply alleged "that on or about December 27, 1918, at the county

of Yuma, he unlawfully sold intoxicating liquors.'' Adding the expression that he sold or gave away the liquor "to another'' would not assist the court or counsel or the defendant in identifying the particular offense intended to be charged. In *People* v. *Webber,* 138 Cal. 145, 70 Pac. 1089, it is said:

"The Penal Code does not relieve the prosecuting attorney from the necessity of informing the defendant with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and, upon acquittal or conviction, plead his jeopardy against further prosecution.''

In that case the defendant was charged with the crime of burglary by entering a certain railroad car and train owned by the S. P. Company with intent to commit larceny. The comment upon this allegation was:

"In the information before us, the defendant could make no intelligent preparation for his defense without being prepared to defend against the charge of feloniously entering any car that was in the train, any one of which the prosecuting attorney might select at the trial.''

In reviewing this question, we have not overlooked the general rule that an indictment or information charging an offense in the language of the statute is ordinarily sufficient, especially if the offense is purely statutory, but, as was said by the supreme court in *United States* v. *Simmons,* 96 U. S. 360, 24 L. Ed. 819:

"To this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute.''

An investigation of the cases discloses that the courts are not in agreement as to whether an indictment or information that omits the name of the purchaser of liquor is sufficient or not where each individual sale, as under our law, constitutes an offense, but we are satisfied that the just and fair rule, and the one intended to be prescribed by our statute, is that the charge must be "direct and certain as it regards the offense charged,'' and to be so the information

should so identify it as to permit a defendant to prepare his defense. One of the most recent cases to speak on this subject is *Fehringer* v. *People,* 59 Colo. 3, 147 Pac. 361, and that court came to the conclusion that an information like the one we are considering was insufficient. The learned judge who wrote the opinion brought into review and analysis many cases on both sides of the question, and therefrom deduced the following statement of the law:

"While it is uniformly held that the name of the vendee need not be set forth in the indictment or information where the offense consists in selling liquor within a given distance of a particular building, or place, or by a common dealer, or in keeping liquors for sale, etc., the uniformity of the rule is not maintained where the sales involved constitute separate offenses with a penalty prescribed for each sale, and in decisions thereunder we find some confusion and contradiction. It would seem, however, that the later decisions and best-reasoned cases support the doctrine that the insertion of the name of the vendee, *or some other facts sufficient for adequate identification of the offense charged, is essential. Fletcher* v. *State, supra* [2 Okl. Cr. 300, 23 L. R. A. (N. S.) 581, 101 Pac. 599]. Moreover, in our judgment the rule should be so determined on principle."

Colorado has a constitutional provision like ours, giving to the accused in criminal cases the right to demand the nature and cause of the accusation against him. Section 24, art. 2, Ariz. Const. The court said, in speaking of this provision:

"Now, the nature of a thing is its essential character; that is, the sum of qualities and attributes which makes the thing what it is as distinct from others. A general allegation that the accused sold intoxicating liquor in a certain city in contravention of law certainly discloses none of the essential ingredients or attributes of the act to distinguish it from any other act of like character."

A very comprehensive discussion of the cases bearing upon this question will be found in *Fletcher* v. *State,* 2 Okl. Cr. 300, 101 Pac. 599, and in 23 L. R. A. (N. S.) 581, where the case is fully annotated.

The rule requiring the pleader to insert the name of the purchaser, if known—and if not known, to state that fact or "other facts sufficient for adequate identification of the

offense charged"—will work no hardship upon the prosecution, and is eminently necessary to the end that the accused may know what he is charged with, so that he can prepare his defense. This is especially so in this jurisdiction, where the law does not require any preliminary hearing in misdemeanor cases before the filing of the information. *State* v. *Cole, ante,* p. 193, 178 Pac. 983.

The judgment of the lower court is reversed, with directions to sustain the demurrer to the information.

BAKER, J., concurs.

CUNNINGHAM, C. J. (Dissenting).—Our prohibition amendment of the state Constitution (see Laws 1915, p. 1), article 23, section 1, very closely resembles—if it was not actually a copy of—section 2139, Revised Statutes of the United States (U. S. Comp. Stats., § 4136a,), having immaterial changes so as to apply to the state instead of applying to the Indian country.

In *Brown* v. *State,* 17 Ariz. 314, 152 Pac. 578, we said this amendment was borrowed, as far as practicable, from Revised Statutes of the United States, section 2139, and it may reasonably be given the construction applied by the courts of the United States to the federal statute. In *Parmenter* v. *United States,* 6 Ind. Ter. 530, 98 S. W. 340, the supreme court of Indian Territory, relying principally on the authority of *Nelson* v. *United States* (C. C.), 30 Fed. 112, decided that the indictment was good which had failed to state the name of the person to whom the liquor was sold. In the Nelson case, *supra,* the United States circuit court calls attention to the requirements of the Oregon statute as to pleading, which is the same as ours in that respect.

The court says:

"As to the last assignment of error—the failure to name the vendee of the liquor in the indictment—the authorities are not agreed on the question. Bish. St. Crimes, § 1037; 2 Whart. Crim. Law, § 1510. The last author says that the prevalent opinion is that in an indictment for selling spirituous liquors in small measure contrary to law the name of the vendee need not be mentioned. But both authors incline to the opinion that, on principle, the name ought to be given, if known, and, if not known, that fact ought to be averred as

an excuse for the omission; and, in my judgment, such is the better practice. But I do not think this omission is a matter that can be alleged here as error. The name can only be required for the more convenient identification of the transaction. It is not a necessary ingredient of the offense, particularly where the prohibition to sell is general, irrespective of persons. If it was a case of prohibition to sell to a particular person or class of persons, . ,. . there would be more reason for holding that the name of the person to whom the sale was made is a necessary part of the statement of the offense.''

The cases cited upon this question leave authorities strong and sufficient for adopting either side of the question, but I am of the opinion that the better reason and the policy of construction adopted by this court support the view that the name of the purchaser at a sale of liquor in violation of the Arizona law need not be averred in the information charging said sale as a crime.

The omission of the name of the purchaser at such sale is, at most, technical error in pleading, and section 22, article 6, Constitution, prohibits a reversal in such case. The language of the constitutional provision is as follows:

''The pleadings and proceedings in criminal causes in the courts shall be as provided by law. No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done.''

The record in this whole case presents a judgment in accord with substantial justice.

For these reasons, I cannot agree to an order reversing a judgment of conviction.