WALKER COX *et al.* v. STATE.

No. A—3178.    Opinion Filed Jan. 24, 1920.

(186 Pac. 736.)

(Syllabus.)

**BURGLARY—Sufficiency of Indictment.** .The indictment examined, and **held** insufficient to sustain a conviction of burglary in the second degree, following **Sullivan v. State,** 7 Okla. Cr. 307, 123 Pac. 569.

*Appeal from District Court, McIntosh County; R. W. Higgins, Judge.*

Walker Cox and Bill Lindsay were convicted of the crime of burglary in the second degree, and they appeal. Judgments reversed and cause remanded, with instruction to sustain demurrer to indictment and to resubmit cause to grand jury.

*W. J. Crump, M. G. Bailey, Don M. Crump,* and *Brook & Brook,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal   from   the   district court of McIntosh county, wherein the defendants, Walker Cox and Bill Lindsay, were jointly indicted, tried, and convicted of the crime of burglary in the second degree, alleged to have been committed by them in the month of June, 1916, by breaking into a certain store building, the property of one W. P. Bankston, located at the town of Fawn, Okla.

The charging part of the indictment is as follows:

"That the said Walker Cox, the said Bill Lindsay, and the said Harrison Lindsay, in the county and state aforesaid, on the day and year aforesaid, did then and there unlawfully, wrongfully, wilfully, burglariously, and feloniously break into and enter by breaking an outer door of said building, a certain store building, being the property of W. P. Bankston, and being then and there a place where personal property was and is kept, with the unlawful, felonious, and burglarious intent then and there on the part of them, the said Walker Cox, the said Bill Lindsay, and the said Harrison Lindsay, to commit grand larceny there in, to wit, with the intent to unlawfully and feloniously and stealthily take, steal, and carry away certain personal property thereat and therein, to wit, groceries, provisions, and dry goods of the value of more than $20 and of the personal property of the said W. P. Bankston, and contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

To the foregoing indictment counsel for the defendants interposed a demurrer on the following grounds:

"(1) Said indictment does not state facts sufficient to charge a crime against any statute of the state of Oklahoma, or any violation of any criminal statute of said state.

"(2) Said indictment does not set out with sufficient particularity the crime sought to be charged therein, nor does said indictment set out the crime sought to be charged sufficiently to apprise the defendants for what crime they are required to answer or with which they are charged."

The trial court overruled the demurrer to said indictment, to which action exception was taken by counsel for the defendants at the time. Counsel for the defendants also set up as one of the grounds for a new trial that the court erred in overruling the demurrer to the indictment. The

motion for new trial was overruled, to which action counsel for the defendants excepted, and as one of the grounds set up in the petition in error for a reversal of this judgment it is contended that the trial court erred in overruling the demurrer to said indictment.

It is the opinion of this court that the trial court erred to the prejudice of the defendants in overruling the demurrer to the indictment returned in this cause.

Section 2615, Revised Laws 1910, defining burglary in second degree, provides:

"Any person who breaks and enters in the daytime or in the nighttime, either: First, Any building within the curtilage of a dwelling house, but not forming a part thereof; or, Second, Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

In the case of *Sullivan v. State,* 7 Okla. Cr. 307, 123 Pac. 569, in section "a" of the first paragraph of the syllabus it is held:

"In an indictment or information charging burglary, based upon the unlawful breaking and entering of a railroad car with intent to steal therein, it is necessary for the allegation of intent to set out the acts required to constitute the crime of stealing at common law."

Clearly the foregoing indictment is insufficient if the pleader intended to charge the defendants with intent to steal from the storehouse, because the acts required to constitute the crime of stealing as known to the common law are not pleaded, as it is nowhere charged that the defendants took the property with the intent to deprive the owner thereof and to convert it to their own use.

Neither does said indictment allege acts sufficient to charge the defendants with the intention of committing the crime of burglary by breaking into said building with intent to commit the crime of grand larceny therein, because the indictment contains no allegation that the defendants took said property "with intention to deprive another thereof," which has heretofore been held to be a necessary ingredient of the crime of larceny as defined by our statutes. *Steil v. Terr.,* 12 Okla. 377, 71 Pac. 653; *Sullivan v. State,* 7 Okla. Cr. 307, 123 Pac. 569.

A lengthy discussion of the reasons for holding an information upon which the defendant was convicted of the crime of burglary in the second degree insufficient upon the grounds here contended for is to be found in the case of *Sullivan v. State, supra.*

Attention is also called to the case of *Simpson v. State,* 5 Okla. Cr. 57, 113 Pac. 549, wherein it is held:

"An indictment for burglary, whether at common law or under statute, must allege every fact and circumstance necessary to constitute the offense, including time, place, ownership, and description of premises."

The indictment in the instant case is entirely silent as to the location and description of the storehouse alleged to have been burglarized.

The cases followed in holding the information in this case insufficient to charge the crime of burglary in the second degree are of long standing, and, as was said by this court in the caset of *Parker v. State,* 13 Okla. Cr. 460, 165 Pac. 622:

"County attorneys will experience no difficulty in following the doctrine in the Sullivan Case."

For the reasons stated, the judgment of conviction as to each defendant is reversed, and the cause remanded to the district court of McIntosh county, with instructions to said court to sustain demurrer to the indictment, with directions to resubmit the cause to the next grand jury empaneled in said county.

DOYLE, P. J., and ARMSTRONG, J., concur.