ALFRED PRESNELL v. STATE.

No. A-9371. Dec. 16, 1938.
(85 P. 2d 441.)

Chas. E. Webster, of Drumright, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The defendant was by information charged jointly with Richard Mansker and Bill Foster with the crime of burglary in the second degree; was tried, convicted and sentenced to a term in the state penitentiary of two years. The view we take of this record it is only necessary to consider the question as to whether or not the court erred in overruling the demurrer of the defendant to the information.

The information on which the defendant was tried, omitting the caption, signature and other endorsements thereon, is as follows:

"L. J. York, county attorney of Payne county, state of Oklahoma, under and by virtue of the authority vested in him as county attorney, gives this Honorable Court to know and be informed in the name and by the authority of the State of Oklahoma, at the January A. D. 1936 term of said court that at and in the county of Payne and state of Oklahoma, on the 27th day of May, 1936, Richard Mansker, Alfred Presnell, and Bill Foster, then and there being, did then and there willfully, wrongfully, burglariously and feloniously and while acting together and conjointly break and enter into a certain building to wit: a tool house belonging to the Carter Oil Company, in which structure there was no human being at the time of said breaking, and there being personal property stored therein

to wit: tools of the value of $50 in good and lawful money of the United States of America, the same being the personal property of the Carter Oil Company, and the said defendants did then and there with the felonious intent then and there on the part of the said defendant, break into and enter the said building as aforesaid by breaking the door of said building and entering the said building with the felonious intent to take, steal and carry away the said property as aforesaid, and to deprive the owners thereof of the value thereof and to convert the same to their own use and benefit contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

A demurrer was filed to the information, which, after omitting the caption and formal part, is as follows:

"That said information as filed does not state sufficient facts to constitute an offense against the laws of the state of Oklahoma, and are insufficient to advise the defendants as to the special offense attempted to be charged in the information, and that said information does not conform to the Criminal Code of the state of Oklahoma."

Section 2883, O. S. 1931, 22 Okla. St. Ann. ch. 5, § 401, states:

"The indictment or information must contain:

"1. The title of action, specifying the name of the court to which the indictment or information is presented, and the names of the parties.

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Section 2884, O. S. 1931, 22 Okla. St. Ann. ch. 5, § 402, is as follows:

"The indictment or information must be direct and certain as it regards:

"1. The party charged. 2. The offense charged. 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The defendant in his brief argues that the information filed in his case wholly fails to give any definite or certain description as to the building or structure of building burglarized by the defendant, but merely states a tool house belonging to the Carter Oil Company, in Payne county, state of Oklahoma.

A careful reading of the information shows that it states the building burglarized was a tool house belonging to the Carter Oil Company, and that the building was in Payne county, Okla. The information does not attempt to define and locate the building other than in Payne county, Okla., without stating that a more definite and certain description was to the county attorney unknown. It will be seen that the information does not attempt to define the location of the building by describing the township, section or range in said Payne county, on which said building was located at the time of the alleged burglary, and does not allege that a more definite description of the building and its location was unknown to the county attorney, or the prosecuting witness at the time the information was filed.

Payne county is a municipal subdivision of the state of Oklahoma, and covers quite an area of country. There is no allegation in the information that the Carter Oil Company did not own more than one warehouse in Payne county. From the description in the information a stranger going into Payne county for the purpose of locating a warehouse belonging to the Carter Oil Company would experience considerable difficulty, and would have to make inquiry or spend a great deal of time going from place to place until he found some one to tell him where the Carter Oil Company had a warehouse, and if he was seeking to find the warehouse the defendant in this case is alleged to have burglarized, he would have to find some one who had sufficient knowledge to tell him whether or not the Carter Oil Company owned more than one warehouse in Payne county, Okla.

The second paragraph in section 2883, O. S. 1931, 22 Okla. St. Ann. § 401, subd. 2, supra, requires the allegations in the indictment or information to state the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.

Section 2884, O. S. 1931, supra, in the third paragraph of that section, 22 Okla. St. Ann. § 402, subd. 3, requires the state to plead the particular circumstances of the offense charged when they are necessary to constitute a complete offense.

When an information is filed against a defendant charging him with burglary, it is the duty of the pleader to plead all the facts necessary to constitute the crime of burglary defined by our statute, and the pleader must allege a description of the place or premises burglarized, its location, occupancy and ownership or possession in some one legally authorized to have possession of the properties.

In Sullivan v. State, 7 Okla. Cr. 307, 123 P. 569, in the second paragraph of the syllabus, this court said:

"An allegation, in an indictment for burglary, that the accused, in the nighttime of a certain day, unlawfully, willfully, feloniously, and burglariously did break and enter a railroad car, situated in the city of Shawnee, in the possession of and under the control of a certain railway company, a corporation, the name of the owner thereof being to the grand jurors unknown, is fatally deficient for want of certainty, in the absence of an allegation that a more particular description of the car cannot be given."

In this case we are considering there is no description of the warehouse alleged to have been burglarized, nor is there any statement in the information that a more particular description of the warehouse cannot be given. No effort is made by the pleader to define definitely the location of the warehouse or to show that he could not give a more definite description than the statement in the infor-

mation that the warehouse was owned by the Carter Oil Company, and it was located in Payne county, Okla.

The case is reversed with directions to the trial court to sustain the demurrer, and hold the accused for further proceedings in accordance with the law.

DOYLE and BAREFOOT, JJ., concur.