LLOYD SHEEHAN v. STATE.

No. A-10621. Sept. 18, 1946.

(172 P. 2d 809.)

42

Miskovsky & Miskovsky, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. Lloyd Sheehan was charged by information filed in the district court of Stephens county jointly with R. D. Mooneyhan, David Jones and Elmer Petty with the crime of burglary in the second degree; a severance was granted, the defendant Sheehan was tried, found guilty and sentenced to serve the minimum term of two years imprisonment in the State Penitentiary. and has appealed.

We have heretofore affirmed the sentence which was given the codefendant, David Jones. Jones v. State, 81 Okla. Cr. 127, 161 P.2d 89.

Counsel for defendant present the proposition that the information is defective in that it does not charge the unlawful and felonious intent required for burglary in the second degree.

The information in this case charged a violation of the provisions of 21 O.S.1941 § 1435, which reads:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Counsel for defendant, in support of this proposition, state that the intent required in the statute is either (a) with intent to steal therein, or (b) with intent to commit any felony. It is then pointed out that the information charged the defendant Sheehan and his co-defendants with breaking and entering the building in question with the unlawful intent "to commit the crime of larceny therein"; that the crime of larceny is a much broader term than the word "steal." That the charge of burglary in the second degree must be based upon the common-law crime of stealing or upon the statutory felony of grand larceny, and that where the crime of larceny is alleged to be committed, the failure to state the value of the goods taken so as to show grand larceny renders the information fatally defective, citing Sullivan v. State, 7 Okla. Cr. 307, 123 P. 569.

Any trespass involving the taking of personal property, accompanied with an intent to deprive another thereof, is larceny; but stealing requires felonious intent on the part of the taker to deprive the owner thereof and to convert the same to the taker's own use, specific proof of which is not necessary to support a conviction under the general larceny statute. Crowell v. State, 6 Okla. Cr. 148, 117 P. 883, cited in Sullivan v. State, supra.

In Sullivan v. State, supra [7 Okla. Cr. 307, 123 P. 570], it is further said:

"In Hughes v. Territory, 3 Okla. 28, 56 P. 708, the Supreme Court of Oklahoma Territory says: 'The Legislature has modified the meaning of the word "larceny," as used in the crimes act, so that the taking of personal property, accomplished by fraud or stealth, and with intent to deprive another thereof, is larceny, regardless of whether or not it was taken for the purpose of depriving

the owner thereof, or for the purpose of converting it to the use of the taker. Therefore, while stealing and larceny at common law were synonymous terms, our statute has given to the word "larceny" a much broader meaning than it then had; while "steal" or "stealing" has not been defined by our statutes, and must be construed according to its common-law meaning.' There has been no amendment to the statute since this opinion."

That part of the information to which this attack is directed reads:

"* * * with the unlawful, felonious and burglarious intent then and there on the part of them, the said R. D. Mooneyhan, David Jones, Lloyd Sheehan and Elmer Petty, to commit the crime of larceny therein, to wit: With the unlawful and felonious intent to stealthily take, steal and carry away without the knowledge or consent and against the will of the said R. E. McCaw, manager or any agent of said corporation, the personal property therein contained and the said defendants did take, steal and carry away six (6) cases of beer under the control of the said Ice Service Company, a corporation and the said R. E. McCaw, manager, with the unlawful intent to deprive the said Ice Service Company, a corporation, of the said property and to convert the same to the use and benefit of them, the said R. D. Mooneyhan, David Jones, Lloyd Sheehan and Elmer Petty, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

At the time the defendant was arraigned in district court, a demurrer was interposed to the information which properly raised the issue which is now presented in defendant's brief.

A study of the information shows that, although it alleges that defendant had the intent to commit larceny in the building, it proceeded to say that the defendant

had the "unlawful and felonious intent to take, *steal,* and carry away without the knowledge or consent and against the will" of the owner certain personal property "* * * with the unlawful intent to deprive the said company of said property and convert the same to their own use and benefit."

The allegations in the latter part of said information are sufficient to comply with the rules set forth in Sullivan v. State, supra, and the other cases relied upon by defendant.

In addition to what we have hereinabove said, it is well to point out that the rule adopted in Sullivan v. State was later modified by this court in Wilson v. State, 50 Okla. Cr. 310, 297 P. 826, and Hames v. State, 54 Okla. Cr. 341, 20 P.2d 915, wherein it was held:

"An indictment which charges a breaking and entering with intent to commit larceny is sufficient."

The second proposition presented in defendant's brief is that "no proof of the value of the beer having been offered, the evidence is insufficient to support the verdict." This contention is based on the argument presented in support of their first proposition hereinabove discussed, to wit: that the information should either allege the intent to steal or the intent to commit grand larceny, in which latter case the value of the goods taken should be set forth in the information.

In view of the fact that we have held against the contention of the defendant in connection with his first assignment of error, the same ruling will dispose of this proposition. Attention is further directed to the fact that it is not necessary in the crime of burglary to actually take any property. The offense is complete when

the building is broken into and entered with specific intent to steal, and the actual stealing is but evidence of such intent. The intent to steal may be established by circumstantial evidence. The taking of the property was not a necessary ingredient of the offense charged. Wilson v. State, supra. It was not necessary then for the information to allege the value of the articles taken, and the proof of the state did not need to show such value.

It is next insisted that the evidence is wholly insufficient to sustain the conviction. The defendants were charged with breaking and entering a building of the Ice Service Company in the city of Duncan with the intent to steal certain cases of beer which were stored in the building.

R. E. McCaw testified that he was the general manager of the Ice Service Company; that the company was engaged in the wholesale beer distributing business in Duncan and vicinity. They had several cases of beer stored in a building at 501 Main street in the city of Duncan; that on December 22, 1942, about 10 p. m., he was driving by the building and noticed a car on the north side of the building with the front end of the car about even with the front end of the building. That he stopped his automobile and asked if they wanted something; that they said, "Yes, a case of beer." That the witness went around to the back of the car and opened up the turtleback, thinking they would have a case of empties. Instead he found several cases of beer; that the parties in the car jumped out and said, "We will pay for this." That he hollered to his wife to call the officers, and that some of the boys then ran. That Elmer Petty and three girls remained at the car. That he looked at the door about half-way back in the building and saw that it was

broken; that when the boys first jumped out of the car they said they would carry the beer back in there, but when he yelled at his wife, three of the boys ran. That later the officers took the car to the police station and subsequently returned to him two more cases of beer which were inside of the automobile; that the beer which was in the boys' automobile was the same kind which his company distributed; that he took an inventory of the stock and found that 26 cases were missing. The witness further testified that he had locked the place of business between 5 and 6 p. m. on that particular day; that when he returned at 10 p. m. and found the boys there, the building had been broken into; that the door was broken down and was hanging on the latches.

Opal Browder testified that she and two other girls went to the El Rancho night club at night on December 22, 1942; that they met defendant and codefendants at the night club; that they started back to Duncan in a Yellow Cab driven by Elmer Petty; that instead of taking the girls home, the boys had the cab drive to the corner of Fifth and Main streets in Duncan; that R. D. Mooneyhan got out of the car, but she did not see where he went; that he came back to the car and they drove around through the park and then went back a second time; that this time the cab parked on the northeast side of the building and backed into the driveway. That all of the boys, including the defendant Sheehan, got out of the car; that the boys went some place which she did not see; that she did not see the boys take any beer from the place of business, but that they went into the building; that later she found out they were taking beer without paying for it. On cross-examination she testified that she saw the defendant Sheehan give R. D. Mooneyhan $5 while they were out driving to buy beer.

Christine Reeves testified that she was with Opal Browder at the El Rancho night club and later went with her and the boys to the place of business operated by the Ice Service Company about 10 p. m. That she saw them take beer from the building the first time they stopped, but did not remember where it was placed as it was a bad night and was raining; that they later drove around by the park and came back. She was sitting in the back seat when the boys got out the second time and did not see any beer taken out of the building and put in the turtleback. That while they were sitting there, the owner of the building drove up; that the defendant and the other boys, except Elmer Petty, ran. She and the other two girls and Petty were arrested and placed in jail overnight. On cross-examination she testified that she did not hear the defendant Sheehan say anything to Mooneyhan about giving him $5 to buy beer and did not see defendant give Mooneyhan any money to buy beer.

Pete Lawson, policeman, testified to making the call to the building at the request of McCaw. That he arrested Petty and three girls and took them to the police station; that after he arrived at the police station he found two or three boxes of beer in the automobile and took it back to McCaw. That he saw a door open, but did not notice whether it had been broken.

Ott Stewart testified that he was a policeman; that he examined the door at the Ice Service Company and found "It had been kicked in. The door had been broken." That the defendant, together with his codefendants Mooneyhan and Jones, were arrested in Marlow that night, and he went to Marlow and brought the boys back to jail. That he had a talk with the defendant Sheehan in which Sheehan said that he was sorry they

had done it; that he had been drinking and that was the cause of it.

At the close of the state's case, the defendant moved for an instructed verdict of not guilty, which was over-ruled. The defendant saved his exception and rested his case without putting on any evidence.

Before this court could interfere with the verdict of the jury on the ground that the evidence was insufficient to sustain the judgment of conviction, we must find that there is no competent evidence in the record upon which the verdict could be based.

The proof of the state showed the following, among other things: (1) ownership of the building in which beer was stored; (2) the breaking of a door to the building; (3) the finding of several cases of beer in possession of defendant and others which was the same brand of beer which was handled by the distributing company and stored in the building; (4) inventory showed several cases of beer belonging to the company were missing from the building; (5) the offer of defendants to pay for the beer; (6) the flight of defendant from the scene of the crime; (7) the arrest of defendant and his statement to the officer that he would not have done it if he had not been drinking. These are sufficient facts and circumstances to make a prima facie case against the defendant of the crime of burglary in the second degree.

Lastly, it is contended that the court committed reversible error in not submitting the included offense of entering a building under circumstances not amounting to burglary, which is an offense under the statute, 21 O.S.1941 § 1438.

No request for such an instruction or for any special instruction was made on behalf of defendant and no exception was saved to the giving of any instruction.

Counsel for defendant cited the case of Ex parte Peoples, 69 Okla. Cr. 83, 100 P.2d 295, wherein this court held in disposing of a petition for a writ of habeas corpus that the district court of Oklahoma county was authorized to sentence an accused for the misdemeanor set forth under the statute (21 O.S.1941 § 1438), where the defendant had been originally charged with the crime of burglary in the second degree. 21 O.S.1941 § 1435.

The trial court in giving its instructions is only bound to give instructions on those issues of law which have a bearing on the evidence of the case. We have carefully examined the instructions which were given. They substantially covered the law applicable to the facts. Under the evidence of the state, direct and circumstantial, the door to the building was broken from its hinges and the defendant and the others removed several cases of beer therefrom. There was no evidence and no contention made to the trial court that there might have been an entry under circumstances not amounting to burglary, which would have brought the case within definition of the statute, 21 O.S.1941 § 1438, supra, which makes it a misdemeanor to enter a building under circumstances not amounting to a burglary with certain intent, etc.

It has been held that the instructions of the court should be applicable to facts and evidence and to all proper deductions and interpretations thereof and not to questions not presented or covered by evidence. Dyer v. State, 58 Okla. Cr. 345, 53 P.2d 700; Mead v. State, 65 Okla. Cr. 86, 83 P.2d 404.

It has been further held that:

"Our statutes require a trial judge to instruct the jury as to all matters of law which he thinks are necessary for their information in giving their verdict. If counsel for the defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce them to writing, submit them to the trial judge, and request that they be given to the jury. If they fail to do this, a conviction will not be reversed unless the court is of the opinion, in the light of the entire record and instructions of the court, that by the failure of the trial court to instruct the jury upon some material question of law the defendant has been deprived of a substantial right." Adams v. State, 62 Okla. Cr. 167, 70 P.2d 821, 822.

In this case, under the evidence of the state, the defendant was guilty of burglary or nothing. If evidence had been offered on behalf of the defendant attempting to justify or explain his possession of the beer or to show that there was a taking of the beer under circumstances not amounting to burglary, then the contention of defendant that the court should have given an instruction under the misdemeanor statute hereinabove cited would have been sustained. Under the evidence of this case, and especially in the absence of any request therefor, it was not fundamental error for the court to omit to give such an instruction.

The judgment of the district court of Stephens county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.