**Angella Drewcella MOORE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12429.**

Criminal Court of Appeals of Oklahoma.

May 15, 1957.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Angella Drewcella Moore appeals from a conviction in the county court of Osage County, where she was charged with driving a motor vehicle while under the influence of intoxicating liquor. The court sentenced appellant, hereinafter referred to as defendant, to ten days in the county jail, and to pay a fine of $50.

The argument that the court erred in overruling defendant's application on the ground of absent witness is untenable. The information was filed on December 28, 1955, and on May 2, 1956 when the case came on for trial the defendant and counsel appeared and moved for a continuance on account of alleged absence of witnesses and a continuance was granted. The case was again set for trial, and on December 10, 1956 when the case was called defendant and counsel again asked for postponement on account of absent witnesses. The court concluded that no proper showing for a continuance was made. The record sustains the ruling of the court.

No complaint is made as to the sufficiency of the information. We shall set out high points of the proof of the State in support thereof, and of the defendant in contradiction.

Hugh Enos, trooper of the Oklahoma Highway Patrol for over nineteen years, testified that on December 27, 1955, accompanied by trooper Hunt, he was travelling in his partol car west along U. S. Highway 60, and about one mile west of Pawhuska they met a car which weaved over on their side of the road so as to cause the patrolmen to have to drive off the highway; that they then turned around and followed the car between a quarter and a half mile before they could get it stopped. Said he: "We saw the car weave back and forth across the center line, back and forth sev-

eral times, and finally got it stopped at the west edge of town and found defendant to be the driver. We got her out of the car and noticed that she was very intoxicated." He said that they placed defendant under arrest. He further said: "She had a very strong odor of alcohol on her breath, her eyes were bloodshot, she wanted to argue and she staggered when she walked." Witness said that he took defendant to the county jail at Pawhuska, driving her in her own car, and booked her. Witness said that defendant cried some, but that he did not remember whether it was on the way to the jail, or at the jail.

Emil Hunt, Highway patrolman, testified that he was driving the patrol car and riding with Patrolman Enos at the time defendant was arrested, and testified substantially as Enos. He said that he had to pull his car to the right to keep defendant's car from running into the patrol car. He said that in questioning defendant after her arrest she said she had drunk about four cans of beer. Said he: "She was off on the shoulder several times and back on the highway across the center line and back on the shoulder several times before we got her stopped." He gave it as his opinion that defendant was intoxicated when they placed her in jail. He did not remember defendant crying but said that Patrolman Enos was the one who drove her to the jail, driving her in her own car.

Witness on cross-examination testified that defendant was driving her car at the moderate speed of about 30 to 35 miles per hour. He said that he did not search defendant's automobile.

W. O. Renfro, jailer at Pawhuska, testified that he received the defendant in jail on December 27, 1955 at about 9:30 at night; that he had very little to say to her. He was asked: "Could you tell whether or not she had been drinking intoxicating beverages? A. Well, it appeared she might have been by her being that way. That's what I took for granted."

The defendant Angella Drewcella Moore testified that she was 25 years of age, that she was a single person at the time of her arrest but now married. She denied that she was under the influence of intoxicating liquor at the time of her arrest, having drunk, as she said, only about half a can of beer, and a can half full was in the car at the time of her arrest. She testified that in coming around a curve west of Pawhuska she leaned over to push in the cigarette lighter, and swerved a little across the white line, but that she straightened up the car and proceeded on down the highway at a speed of 30 to 35 miles an hour. She said that at all times she had full control of the car; that two highway patrolmen caused her to stop the car, asked her for her driver's license, which she had left at home, made her get out of the car and then told her that she was drunk, arrested her and took her to jail.

On cross-examination, defendant testified that she had a car accident about four years prior at Newkirk, and pleaded guilty to a charge of reckless driving, and admitted that on January 23, 1955 she was charged in Kay county with being drunk in a public place and breaking glass. She paid fines of $20.

■■ Defendant contends that the evidence is insufficient to support a conviction. As pointed out by the attorney general, and a long line of cases could have been cited, in Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208, this court said:

"Criminal Court of Appeals will not reverse case for insufficiency of the evidence if there is any substantial evidence on which jury could reasonably base its verdict of guilty."

■ It is argued that the trial court committed error in permitting the assistant county attorney to establish by the defendant herself, upon cross-examination, that she had been convicted of minor offenses in police courts or lower courts. In Chambless v. State, 90 Okl.Cr. 423, 214 P.2d 947, 948, this court held:

"County attorney may inquire of defendant on cross-examination, for the purpose of affecting his credibility, as

to his convictions in police court for violation of municipal ordinances prohibiting the possession or sale of intoxicating liquors, as the same constitute offenses under the state law, and are crimes within contemplation of statute."

■ But it is urged that the last conviction recited was subsequent to her arrest on the present charge. Such fact, however, did not render proof of such conviction inadmissible, as such evidence was received for the purpose only of affecting the pertinent point of her credibility as a witness. Such are among the hazards a defendant assumes on testifying in his own behalf where the quest is for truth and where jurors, or the court in absence of a jury, must use such evidence in weighing the testimony given.

■ The issue is advanced that the verdict of the jury was not in proper form, and was insufficient, and a judgment of conviction could not properly be based thereon. The pertinent portion of the verdict reads:

"We, the jury, drawn, impaneled and sworn in the above cause, do upon our oaths find the defendant guilty as charged in the information herein. We the jurors leave the punishment up to the court. [signed] Ralph B. Rhoades, Foreman."

It is noticeable that there was omitted the usual phrase in a case as here, which is: "but being unable to agree upon the punishment, leave that to the court." It is pointed out that Instruction No. 9 given by the court cautioned them:

"Should you find the defendant guilty, but are unable to agree upon the punishment therefor, you will so state in your verdict; in which event, it will be the duty of the court to assess and declare her punishment."

We note that when the verdict was returned and read, the only record made was the statement of counsel for the defendant: "Let the record show that the defendant excepts to the verdict of the jury." He was silent as to any specific complaint. If the defect now urged had been pointed out to the court no doubt the jury would have been directed to return to the jury room for the purpose of correcting the irregularity, and under the circumstances recited, was the irregularity in question sufficient to cause a reversal of this case?

22 O.S.1951, § 927 provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, *or do not declare such punishment by their verdict,* the court shall assess and declare the punishment and render the judgment accordingly." (Emphasis supplied.)

In Dallas v. State, Okl.Cr., 286 P2d 282, 283, in construing the above statute, we said:

"The discharge of the jury without the consent of the defendant, where the jury returned a verdict of guilty and failed to agree on the punishment, is a matter in the discretion of the trial court, and its action will be conclusive, unless there appears to have been a clear case of abuse of discretion."

In the absence of a request to have the verdict made complete to meet the full direction of Instruction No. 9, given by the court, and it appearing that the irregularity did not come to the attention of the court, and nothing appearing to indicate that the rights of the defendant were prejudiced, we find that the trial court did not abuse its discretion in receiving the verdict in the form set out.

The judgment appealed from is affirmed.

BRETT, P. J., concurs.