Ervin Homer SCEARCE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12573.

Criminal Court of Appeals of Oklahoma.

June 4, 1958.

O. B. Martin, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Ervin Homer Scearce, hereinafter referred to as defendant, was tried and convicted in the district court of Oklahoma County where he was charged with the crime of burglary in the second degree, after former conviction of a felony, and was sentenced by the court, the jury having been unable to agree upon the punishment to be assessed, to serve a term of fifteen years in the State penitentiary at McAlester.

No complaint is made as to the sufficiency of the evidence to support the verdict of the jury. The defendant, it may be stated, was convicted upon circumstantial evidence, but the circumstances apparently produced in the minds of the jurors a reasonable moral certainty that defendant committed the offense charged. The jury was properly instructed in this regard. In the words of defense counsel in brief:

"The circumstances consisted of a chemical analysis of dust taken from the air vent through which entry had been gained into the building, and from dust taken from the defendant's shirt which the expert testified was substantially the same, and the further fact that 61 cartons of cigarettes taken from the store which had been burglarized

were found in the turtle back of the automobile in which the defendant was riding on the night in question, and the further circumstance of having found in said car some tools which could have been used in making the entrance to the building. The defendant at all times denied his participation in the burglary. The automobile in which the cigarettes were found belonged to another party charged jointly with the defendant in this case, but the action was dismissed as to said party."

For reversal defendant in brief sets out four assignments of error. Counsel for first proposition says:

"The amended information on which this case was prosecuted is duplicitious in that it charged the offense of second degree burglary and larceny, and the court committed error in overruling the defendant's demurrer and forcing him to trial on the same."

We shall quote pertinent portions of the information, sufficient to test the validity of the demurrer:

"* * * on the 23rd day of July, A.D.1956, in Oklahoma County, State of Oklahoma, Ervin Homer Scearce whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and feloniously commit the crime of *burglary in the second degree after former conviction of felonies* in the manner and form as follows, to-wit:

"That is to say, the said defendant, acting conjointly and together with Clifford Troy Booze, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully, wrongfully, burglariously and feloniously break and enter into a one-story brick building, known as the Willard's IGA Grocery located at 2341 Mulligan Drive, in Oklahoma City, in the said county and state, which said building was then and there under the control

of and in the possession of Willard McKinnon, and in which said building there was then and there kept certain personal property, to-wit: cigarettes, money and grocery store supplies, by forcible entry through the air-conditioner vent by prying some boards loose from the end of the air-conditioner vent and entering therein, with the unlawful, wrongful and felonious intent then and there on the part of the said defendants to take, steal and carry away by stealth and fraud, and without the knowledge or consent of the owner, some or all of the property therein contained, and the said defendants did take, steal and carry away by fraud and stealth certain articles therein contained at said time and place, to-wit: 61 cartons of assorted brands of cigarettes and an undetermined amount of currency, checks and silver, a more full and complete description of which is to your informant unknown, of the value of—*unknown*—, good and lawful money of the United States of America, the personal property of the said Willard McKinnon, with the unlawful, wrongful and felonious intent to appropriate the said property to their own use and benefit and to deprive the said rightful owner permanently thereof; * * *."

The allegations setting forth the charge were based on the violation of the provisions of 21 O.S.1951 § 1435, reading:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

It is argued that the information quoted charges two separate and distinct offenses in the same count, to-wit: burglary in the second degree, and larceny.

We have seen that the information does charge the defendant with breaking and

entering the store building in which certain personal property was kept, "to-wit: cigarettes, money and grocery store supplies", and charges that the breaking and entering was with the intent to steal therein. We have seen that it was also alleged that defendant took and carried away certain articles, particularly 61 cartons of assorted brands of cigarettes, etc.

By reason of the allegations covering the stealing, it is asserted that the information is bad for duplicity and that defendant's demurrer should have been sustained.

Heretofore this court has considered this same proposition raised in a number of cases. See Acton v. State, 97 Okl.Cr. 196, 261 P.2d 466; Holleman v. State, 74 Okl. Cr. 258, 125 P.2d 239; and Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809, 810.

In the Sheehan case the defendant was also tried and convicted of burglary in the second degree. The information charged defendant with breaking and entering a certain store building with the burglarious intent to commit the crime of larceny therein, and stealing certain personal property located in the building at the time of the burglary. In paragraphs 1, 3 and 4 of the syllabus, this court said:

"Under the statute (21 O.S.1941 § 1435) a person is guilty of burglary in the second degree who breaks and enters a building in which property is kept with intent (a) to steal therein or (b) to commit any felony. * * *

"Information charging defendant with breaking and entering a building 'with the unlawful and burglarious intent to commit the crime of larceny therein' followed by a statement of the acts committed by defendant is sufficient to state the offense of burglary in the second degree.

"The offense of burglary is complete when the building is broken into and entered with specific intent to steal, and the actual stealing is but evidence of such intent."

In the body of the opinion this court said:

"Attention is further directed to the fact that it is not necessary in the crime of burglary to actually take any property. The offense is complete when the building is broken into and entered with specific intent to steal, and the actual stealing is but evidence of such intent. The intent to steal may be established by circumstantial evidence. The taking of the property was not a necessary ingredient of the offense charged. Wilson v. State, supra [50 Okl.Cr. 310, 297 P. 826] It was not necessary then for the information to allege the value of the articles taken, and the proof of the state did not need to show such value."

The Criminal Court of Appeals in many cases has stated the rule for testing the sufficiency of an indictment or information. See: Edwards v. State, 51 Okl.Cr. 221, 1 P.2d 175, and Holleman v. State, supra [74 Okl.Cr. 25, 125 P.2d 240]. In the latter case, in paragraph two of the syllabus it is stated:

"An information or indictment which, construed under ordinary rules of construction, states all essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial and to plead the judgment in bar, if again informed against for the same offense, is sufficient."

We conclude that the trial court did not err in overruling defendant's demurrer to the information.

It is next urged that:

"The trial court erred in compelling the defendant to give testimony against himself in establishing two of the former convictions alleged in the information."

The record discloses, as pointed out by counsel, that the county attorney, in presenting the State's case in chief, proved only three of the five felony convictions set forth in the information.

The three prior felony convictions alleged and proved by the State in its case in chief were: (1) Attempted burglary, October 11, 1939, district court, Oklahoma County, case No. 13271; (2) Assault with dangerous weapon, June 3, 1940, district court, Oklahoma County, case No. 14205; and (3) Burglary in second degree, December 10, 1951, district court, Oklahoma County, case No. 20675.

The two out of five felony convictions that the State failed to prove in presenting its case in chief were (1) Perjury, February 7, 1935, district court, Oklahoma County, case No. 9938; and (2) Burglary in the second degree, May 26, 1947, district court of Washita County, case No. 940.

The defendant testified in his own defense, and in response to questions asked on direct examination by his own attorney, admitted the three prior felony convictions which had been proved by the State in its case in chief. Counsel avoided asking him about the two felony convictions that the State failed to prove. On cross-examination the county attorney interrogated defendant concerning the perjury conviction in Oklahoma County, case No. 9938, and the burglary conviction in Washita County, case No. 940. These two convictions were likewise admitted by the defendant, though his counsel interposed objections to such questions. The trial court in ruling on the objections, announced that proof of the two convictions were admissible for the limited purpose of affecting the credibility of defendant's testimony as a witness.

 It is counsel's contention that proof over his objections of the two convictions in question, which the State had failed to prove in its case in chief, resulted in defendant being compelled to testify against himself.

The Attorney General urges that under a well recognized principle many times announced by this court, the cross-examination complained of was proper when limited to the purpose announced at the time by the trial court. Cited are the cases of

Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438, and Trail v. State, 63 Okl.Cr. 312, 74 P.2d 1170. And see also Booth v. State, 76 Okl.Cr. 410, 137 P.2d 602; Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512; Craig v. State, Okl.Cr., 281 P.2d 772; and Oates v. State, Okl.Cr., 303 P.2d 317.

 In the case of Murphy v. State, supra [72 Okl.Cr. 1, 112 P.2d 443], in paragraph 14 of the syllabus it is stated:

"When a defendant takes the witness stand and testifies in his own behalf, the prosecution has the right to cross-examine him with the same latitude as any other witness. His cross-examination is not confined to a mere categorical review of the matters stated in the direct examination. He may be asked any question on cross-examination pertaining to the matter at issue, or that goes to his credibility as a witness."

In the Trail case it was said:

"A defendant, who takes the witness stand in his own behalf, may on cross-examination be asked if he has been convicted and served a sentence prior to this time, for the purpose of affecting his credibility as a witness."

As urged by counsel for the defendant, under the circumstances present in the within case, it was the duty of the trial court to advise the jury that the two former convictions in question should be considered by them only for the purpose of testing defendant's credibility as a witness. We so held in the recent case of Fox v. State, Okl.Cr., 321 P.2d 445.

The Attorney General contends that there was substantial compliance with the rule by reason of the fact that the court admitted evidence of the two convictions in question as bearing on the credibility of the testimony of witness, and in the giving of instructions 5 and 6 in connection with instruction 7. The instructions read:

"No. 5. In considering the testimony of a witness who the evidence shows has heretofore been convicted of an

offense, you may consider such fact of conviction as it may or may not in your judgment affect the weight or credit you will give to the testimony of such witness.

"No. 6. Certain evidence has been introduced tending to show that the defendant has heretofore been convicted of other and distinct offenses from that charged in the information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the information in this case, but should you find from the evidence that such other convictions have been had, you may, in your discretion, consider the same, as such facts may or may not, in your judgment, affect the weight and credit which you will give to the testimony of the defendant, but for no other purpose. A person may not be convicted of the commission of one offense by any proof tending to show that he may or may not have committed another offense.

"No. 7. You are further instructed that the defendant stands charged with the offense of burglary in the second degree, after former conviction of felonies.

"Should you find from the evidence and beyond a reasonable doubt, under these instructions, that the said defendant has heretofore been convicted of a felony or felonies, as charged in the information, you may, in that event, consider such fact or facts insofar as the same bears upon the charge made in the information of former or prior conviction or convictions, which has to do only with punishment, but you shall not consider the same, in any event, as proof of the charge made in the information that the said defendant did commit the crime of burglary in the second degree on or about July 23, 1956, as charged in the information.

"In other words, the evidence of the prior conviction or convictions charged was permitted to go to you for the purpose only of determining whether or not the defendant has been formerly convicted of the alleged prior offense or offenses, and it is no evidence of his guilt in the case now on trial, and you will not consider it for the purpose of determining his guilt of the alleged offense occurring on July 23, 1956."

■ While it would have been better for the court to have given a separate instruction to the jury as to the two convictions forming the basis of counsel's argument, the argument is technical in consideration of the admonitions actually given by the court. The jury, we believe from the record, well understood the weight and credit to be given the testimony and that the rights of the accused were protected by the trial court in submitting to the jury the law in instructions given, relating to the previous felony convictions.

It is next argued that:

"The trial court erred in permitting the introduction of evidence of former convictions of the defendant in the police municipal court of Oklahoma City in testing the credibility of the defendant's testimony."

■ It is shown by the record that the county attorney interrogated the defendant on cross-examination concerning former convictions in police court of Oklahoma City. Counsel in brief says: "The defendant was compelled to answer the questions, over his objection, and to tell the truth, he had to answer them in the affirmative." This is urged as reversible error.

The question raised has previously had the attention of this court in a number of cases, among which are: Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002; Chambless v. State, 90 Okl.Cr. 423, 214 P.2d 947; Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927; Carothers v. State, Okl.Cr.,

299 P.2d 546, and Moore v. State, Okl.Cr., 311 P.2d 825.

In the Farley case we said [93 Okl.Cr. 192, 226 P.2d 1004]:

"County attorney may inquire of defendant or other witness on cross-examination, for the purpose of affecting his credibility, as to his convictions in police court for violation of a municipal ordinance where the same constitutes an offense under the state law and is a crime in contemplation of the statute."

The defendant had admitted on cross-examination that he had been convicted in the police court of Oklahoma City on August 24, 1940, of vagrancy; and of vagrancy on August 30, 1942; of possession of intoxicating liquor on December 5, 1942; and on March 11, 1956 of being drunk in a public place. All of these charges constituted offenses prohibited by the statutes of the State of Oklahoma.

The court properly instructed the jury that they were limited in their consideration of said offenses to the purpose of affecting defendant's credibility as a witness.

It is finally contended that the punishment of fifteen years in the State Penitentiary imposed by the trial judge is excessive. The minimum would have been ten years. The trial court was faced with a consideration of the three previous convictions set out in the information and proven by the State in fixing the punishment. This court can find no justification as basis for reducing the sentence.

Judgment affirmed.

BRETT, P. J., and NIX, J., concur.