Beverly Gene BRADFORD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12618.

Criminal Court of Appeals of Oklahoma.
Oct. 22, 1958.

Holmes H. Colbert, Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Beverly Gene Bradford, defendant below, was charged by information in the District Court of Murray County, Oklahoma, together with a codefendant, with the crime of burglary in the second degree in violation of 21 O.S. 1951 § 1435. Bradford obtained a severance and was separately tried by a jury, convicted, and his punishment fixed at two years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The crime complained of was allegedly committed on or about October 20, 1956. Briefly, the facts, as established by the state's evidence, are as follow. The assistant custodian of the Oklahoma Glass Sand Company had his attention attracted to an automobile parked near a tool house on the Sand Company's premises, located in Murray County, Oklahoma. He went to investigate and found the defendant, Bradford, and another man in the tool house, and two other men in the drying house, about 150 feet away. They had gained entrance to the buildings by cutting the locks with cable cutters and bolt cutters which were found outside the buildings. Neither of the instruments used for cutting had ever been on the premises before and did not belong to the Sand Company. One of the parties who had been in the drying house had a large quantity of wire in his arms and when observed, he threw it down and ran, together with his associate who was in the drying building. Both of these men escaped. A large quantity of brass fittings and brass bearings as well as rolls of copper wire were piled just inside the door and some of the material was piled outside the door, and the door was still open. They had a pickup truck parked on the west side of the tool house so as to hide it from the highway. The defendant and the man in the tool house, when subjected to arrest by the caretaker, refused to submit and left. The caretaker reported the incident to the Sheriff, who, after investigation and pursuit, found the defendant and his associate on a nearby ranch, "the Turner pasture". The defendant offered no evidence in his own behalf and elected to rest his case after demurrer to the state's evidence. The demurrer was overruled.

■ The defendant contends the information was defective and that it did not charge the unlawful and felonious intent required for burglarly, and that the information was vague, indefinite, and uncertain. The prosecution was predicated upon the provisions of 21 O.S.1951 § 1435, reading as follows, to-wit:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

The defendant urges, "It will be noted that under this section of the statutes, in order to commit the crime of Burglary

in the second degree the information should charge 'with intent to steal therein or with intent to commit any felony'. However, in this information the Defendant and his Co-defendants were charged with breaking and entering the building in question with 'the unlawful, felonious and burglarious intent to commit the *crime of Larceny* therein' ". When measured by the allegations in the information, this contention is without merit. The charging part of the information reads as follows:

"That the said Beverly Gene Bradford, Charles Ray Gentry, John Doe and Richard Roe, aiding and abetting each other, and acting conjointly and together, then and there being, in the County and State aforesaid, on the day and year aforesaid, did, then and there unlawfully, wilfully, wrongfully, burglariously and feloniously break into and enter in the day time of said day, by breaking the locks on the doors of said building, a certain Tool Warehouse, located on the w½ of the NE¼ of the SE¼ of Section 11, Township 1 North Range 4 East in Murray County, Oklahoma, and said building being the property of the Oklahoma Sand Co., and being taken care of by Joe King, and said building being then and there a place where personal property was and is kept, with the unlawful, felonious and burglarious intent then and there on the part of them the said defendants, to commit the crime of Larceny therein, to-wit: with the unlawful intent to stealthily take, steal and carry away, without the knowledge or consent and against the will of the said Oklahoma Glass Sand Co., or the said Joe King, certain rightful aforementioned owners of said property and to convert the same to the use and benefit of them the said Beverly Gene Bradford, Charles Ray Gentry, John Doe and Richard Roe; contrary to the form of the statutes in such case made and provided, and *aginst* the peace and dignity of the State."

The foregoing allegations meet the requirements laid down in Sheehan v. State, 83 Okl.Cr. 41, 42, 172 P.2d 809, 810, in syllabi 3, 4, and 5, as follow:

"Information charging defendant with breaking and entering a building 'with the unlawful and burglarious intent to commit the crime of larceny therein' followed by a statement of the acts committed by defendant is sufficient to state the offense of burglary in the second degree.

"The offense of burglary is complete when the building is broken into and entered with specific intent to steal, and the actual stealing is but evidence of such intent.

"It was not necessary for the information to allege the value of articles taken from building in a charge of burglary in the second degree."

Herein, the information alleges in detail the acts committed by the defendant, bringing him within the aforesaid statute and the Sheehan case. That is all that the case of Sullivan v. State, 7 Okl.Cr. 307, 123 P. 569, relied on by the defendant, requires, regardless of the value of the property. In Holleman v. State, 74 Okl.Cr. 258, 125 P. 2d 239, 240, construing a similar situation and overruling a like contention, this Court said:

"An information or indictment which, construed under ordinary rules of construction, states all essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial and to plead the judgment in bar, if again informed against for the same offense, is sufficient."

It is obvious this information clearly meets the requirements of the law as above set forth.

■ The contention the evidence is insufficient to sustain the conviction is entirely without merit. Cases without number set forth the rule that where there is

488

any evidence reasonably tending to support the finding of the jury, the same will not be vacated or set aside on appeal. The evidence herein is more than ample to support this finding of guilt.

The judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.