Jack HICKMAN, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12736.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1959.

Earl A. Brown, E. C. Nelson, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Jack Hickman, plaintiff in error, hereinafter referred to as the defendant was charged by information in the District Court of Carter County with the crime of Burglary, 2nd degree, and was tried before a jury who found the defendant guilty and assessed his punishment at two years in the Oklahoma State Penitentiary.

The defendant lodged his appeal in this court in due time and advances four assignments of error as follows:

1. That the court erred in overruling defendant's demurrer to the state's evidence and likewise overruling defendant's motion for an instructed verdict.

2. Error of law which occurred during the trial.

3. That the verdict and sentence is excessive.

4. That the court erred in overruling defendant's requested instruction No. 1.

Since the first assignment of error involved the sufficiency of the evidence it requires a brief review of the testimony.

Roy Keeton owned a grocery store in the city of Ardmore, Oklahoma. Mr. Keeton maintained his residence in a dwelling close by and had an inter-com running from his store to his bedroom which was left on during the night. On the night of February 26, 1958, shortly after midnight, Mr. Keeton was awakened by a noise coming over the inter-com and from the grocery store. He immediately called the police, slipped on his trousers, and ran to the store. Upon arrival, by the illumination reflected by a street light, he saw a man by the back door. The man ran to the door and said, "Come on, boys, let's go." He then ran over Mr. Keeton and knocked him down and then ran down the road. Mr. Keeton identified the defendant in the courtroom as that man. Two other men ran from the store. Mr. Keeton tackled one of them causing him to drop eight pounds of bologna, a side of bacon, and a picnic ham. They scuffled momentarily and the two men absconded. They ran down 9th Street. Mr. Keeton saw the lights of a car come on and the car drive off. The police arrived in two or three minutes, went south, and returned in about five minutes with the defendant, Jack Hickman. The officers testified they found the defendant walking in the street some 150 yards from the store; he was perspiring, and breathing hard. He was taken into custody and returned to the Keeton Grocery Store. The officers observed that the glass in the front door of the store had been knocked out and the back door was standing open. The defendant admitted being picked up by the officers as they stated, but denied any knowledge of the burglary, and stated he had been driven to the vicinity to see a person who was not home and had started to a place known as "Uncle Beau's" to get a cup of coffee.

■■ Now, as to defendant's first contention of error: that the court erred in overruling his demurrer to the evidence, as well as his request for an instructed verdict, the evidence on the part of the state is sufficient if believed by the jury to justify their verdict. Though the defendant denies any part of the burglary he was positively identified by Mr. Keeton and was seen along with two other men leaving the scene of the crime. The conflict in the testimony was a question for the jury who found unfavorable to the defendant. This court has always been consistent in that where there is evidence upon which the jury could reasonably base their decision their verdict will not be disturbed because of a conflict in the testimony. The trial judge committed no error in overruling defendant's motion for an instructed verdict or overruling the demurrer.

As to defendant's second assignment of error we find no error of law occurring during the trial and defendant cites none except that which is discussed in proposition one.

■■ Defendant next contends that the verdict and sentence is excessive. With this we cannot agree. Under the Oklahoma Statute the punishment prescribed ranges from a minimum of two years and a maximum of seven. The jury in the instant case gave the defendant the minimum for burglary in second degree, therefore, could not possibly be considered excessive. No doubt defendant bases this contention upon the failure of the trial court to give defendant requested instruction under Title 21, O.S.1951 § 1438:

> "Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor."

However, it is to be noted from a review of the record that there was no testimony to warrant such an instruction. The defendant wholly denied being at the scene of the crime or having any knowledge thereof. Under the testimony the jury had no alternative as far as degrees of crime. They either could believe Mr Keeton who established all the elements of burglary in the second degree, or they could have believed the defendant, which would have absolved him of any crime whatsoever. They chose to believe Mr. Keeton. The trial court in giving instructions is only bound to give instructions of those issues of law which have a bearing on the evidence of the case. See Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809, 810, wherein it was said:

> "Instructions of the court should be applicable to evidence and all proper deduction and interpretation thereof, and not to questions not presented or covered by the evidence."

There is no evidence to require an instruction under Title 21, O.S.1951 § 1438.

A careful review of the record presents no reversible error nor justification for modification. The judgment and sentence of the trial court is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.