Thomas L. COOPER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16831.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1971.

Max Cook, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Thomas L. Cooper, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Oklahoma for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Vern Uplinger testified that on October 23, 1970, he was the owner of a service station located on Lee Boulevard, Lawton. He stated that he closed his station at approximately 9:00 or 10:00 o'clock the previous evening. Sometime after 1:00 o'clock he was called down to the station by the Security Patrol. Upon arriving, he discovered a hole in the glass door about six inches round. The door of the cigarette machine had been taken completely off, and the coin box was lying on the floor. He also discovered a screwdriver in the door of the candy machine.

Steve Hearn testified that on October 23, 1970, he was employed as a Security Patrolman. His duties consisted of patrolling businesses with which the agency had a contract, one of which was the Uplinger's Service Station. The door of the service station had been sealed earlier by a Security Patrolman. At approximately 1:00 o'clock, as he was checking the station for the second time, he observed that the seal had been broken from the door and a hole in the glass near the door knob. As he was getting out of his car, he observed the defendant coming out of the doorway of the station. The defendant went around the side of the building, wherein the officer took pursuit and hollered for him to stop. He pulled his pistol and fired one shot into the air, wherein the defendant either stumbled or jumped to the ground and rolled down in some grass right behind the station. He took custody of the defendant and returned him to the front of the station, wherein he turned him over to a policeman. He testified that he did not lose sight of the person from the time he left the station door until he was apprehended.

Officer Driever testified that he arrived at the service station at approximately 1:20 a. m. The officer transported the defendant to the police station, and upon booking the defendant in the jail, $6.23 in change was found on the defendant's person including 12 quarters, 22 nickels, 21 dimes and 3 pennies.

Charles Owens testified for the defense that he was employed with the defendant as a janitor at Fort Sill, and further that he worked with the defendant on moonlighting jobs involving cleaning stores at night. The evening jobs would usually last until approximately midnight.

Jimmy Marshall testified that he also worked with the defendant on moon-lighting jobs, and that they were usually through working at approximately midnight.

Doris Herdrick testified that on October 22, 1970, that the defendant was living in the home with her mother, her small child, and her. She testified that the defendant returned to the house at approximately 5:30 p. m., and paid her some $50.00 in rent. She testified that the defendant left for his second job at approximately 7:30 p. m. and returned at about midnight. Upon his return she gave the defendant her daughter's piggy bank, which contained pennies, quarters, nickels, and dimes and sent him to an all-night store to buy Pampers for the baby.

The defendant testified that he was employed at Fort Sill in a janitorial capacity and also did moon-lighting janitorial work for Baker Brothers Janitorial Service. He testified that he had been out of the penitentiary approximately one year and was on parole, during which period the police continuously harassed him. He testified that on October 22, he worked his usual tour of duty at Fort Sill, and upon returning home, Mr. Baker came by and asked him to work that evening. He returned to his home at approximately 12:30, wherein Miss Herdrick asked him to go to the store and buy some Pampers for the baby. He took some change from the piggy bank and proceeded to the Jiffy Super Market on Eleventh Street. He proceeded to a store, wherein he bought the diapers and other groceries. He was returning to his home, wherein as he approached Fifteenth Street, he observed a man run around the building with someone following him, hollering. A shot was fired and he dived into the weeds.

The man with a gun approached him and ordered him to return to the service station. He denied breaking into the filling station.

■ The first proposition asserts that the trial court erred in overruling the defendant's objection to inflammatory remarks made on the part of the State's attorney, and for failing to grant a new trial for this reason. The remarks for which the defendant now complains are as follows (C-M. 106):

"The evidence is that he didn't have two jobs—the evidence is that he had three jobs, the third job being breaking in that store."

We need only to observe that the prosecuting attorney's remarks were made in the second part of his closing argument after the defendant had argued that the defendant was not on relief, and that he was working on two jobs. The prosecuting attorney's entire statement was as follows:

"Now the point was brought forth that he's not on relief—he had two jobs making good money; therefore, why would he be doing this? I can't answer that, I don't know why, the evidence is that he had three jobs, the third job being breaking into that store, and just because a person is not on relief is not, I don't think.—"

We have repeatedly held that the right of argument constitutes liberal freedom of speech, and a wide range of discussion, illustration and argumentation, and counsel for the State and counsel for defendant have the right to discuss fully from their standpoints the evidence and inferences adduced arising therefrom. Pickens v. State, Okl.Cr., 450 P.2d 837. We are of the opinion that the prosecuting attorney's remarks are well within the rule enumerated in *Pickens,* supra.

■■ The second proposition contends that the trial court erred in permitting State's Exhibit No. One to be admitted into evidence over the objection of the defendant, when said evidence had been ob-

tained in violation of the defendant's constitutional rights, and further, that evidence was not identified properly as being property taken from the premises. We have carefully considered defendant's argument and citation of authority under this proposition, and are of the opinion that the proposition is without merit. The defendant was transported directly to the jail, and during the booking-in process, a large amount of change was found on his person. It is well established, because of the security requirements, that police officers have the right to search a person during a routine booking-in process prior to placing a defendant in a cell. We have previously held that it is not necessary that the identification of real evidence sought to be admitted should positively and indisputably describe and relate to such evidence, and if a question of fact as to the connection of an article sought to be admitted, with defendant or crime is raised evidence should be admitted for determination of the jury, and lack of positive identification affects weight of article or substance as evidence rather than its admissibility. Richmond v. State, Okl.Cr., 456 P.2d 897 (1969).

The next proposition asserts that the trial court erred in giving instruction pertaining to burglary, when in truth and in fact, there was no evidence in this case that a burglary had been committed, but a mere breaking and entering, which at most could only constitute an attempted burglary. The defendant argues in his brief concerning this proposition:

"There is testimony in this case—to the effect that the defendant in this case made an illegal entry into the building involved in this case, but the record in this case is totally silent concerning the fact that the defendant took any property out of said place of business."

In Scearce v. State, Okl.Cr., 326 P.2d 1065, we cited with approval the following language from Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809:

"The offense [of burglary] is complete when the building is broken into and entered with specific intent to steal, and the actual stealing is but evidence of such intent. The intent to steal may be established by circumstantial evidence. The taking of the property was not a necessary ingredient of the offense charged."

From the foregoing statement of facts, we are of the opinion that the trial court properly instructed the jury as to the offense of Burglary in the Second Degree.

The final proposition asserts the trial court erred in permitting evidence of a prior conviction of a Felony to be introduced into evidence, when at the time of the prior conviction, the defendant was not properly represented by a legal counsel, and was not aware of the consequences of his plea of guilty. We need only to observe that this proposition was raised for the first time at the motion for new trial. There is nothing in the Record to reflect that the defendant attempted to withdraw the plea of guilty to the prior conviction. We are of the opinion that the defendant has not properly shown the inadequate representation by counsel. In Ellis v. State, 10 Cir., 430 F.2d 1352, the Court stated:

"Burden on [defendant] to establish his claim of ineffective assistance of counsel is heavy.

"Neither hindsight nor success is the measure for determining adequacy of legal representation.

" 'It is the general rule that relief from a final conviction on ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. * * *.' "

In the instant case, we are of the opinion that the defendant totally failed to meet the burden. The defendant with counsel originally entered the plea of guilty to the prior conviction on the 8th day of October,

1968, and raised for the first time the question of inadequate representation on March 10, 1971, after being convicted of Burglary in the Second Degree, After Former Conviction of a Felony. We, therefore, find this proposition to be without merit. The defendant further argues under this proposition that the judgment and sentence does not conform to the American Bar Association's standards on criminal justice. We need only to observe that the sentence imposed was the minimum provided by law, and further, that it was within the discretion of the trial court to suspend the sentence imposed. In the absence of an abuse of discretion, the Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for a suspended sentence. Ramsey v. State, Okl.Cr., 473 P.2d 305. In the instant case, we cannot conscientiously say that the trial court abused its discretion in refusing to suspend the sentence imposed.

In conclusion, we observe that the Record is free of any error which would require a reversal or justify modification. The judgment and sentence is accordingly affirmed.