**Larry W. MOUGELL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17374.**

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Marion M. Dyer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Larry W. Mougell, hereinafter referred to as the defendant, was charged, tried, and convicted in the District Court of Garfield County, Oklahoma, for the offense of Burglary in the Second-Degree; his punishment was fixed at five (5) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Nichols and McMichael testified that about 7:00 p. m. on June 9, 1971, they answered a burglar alarm call at the Thurman Bridge and Block Company in Enid. They testified that they observed the defendant just closing the rear walk-in door. The defendant told them that he had been pursuing some boys, who had thrown rocks at the building and stated: "there is one of them now", and fled the scene. The officers testified that they did not observe any evidence of force used to gain entrance to the building.

Hugh Thurman, owner of Thurman Bridge and Block Company, testified that he received a call on the evening in question, and proceeded to his place of business. He testified that he found a window open

and the side door was unlocked. He observed some chain saws, which had previously been stored in the loft area, had been moved near the unlocked door. He did not observe any pry marks, broken glass, or any sign of forceful entry, on either the door or window. He testified on direct examination that when he left the building, "I'm sure it was locked" (Tr. 17). He testified that the burglar alarm, which was engaged, was at the top of the stairs, near the loft area and was not connected to the doors or windows in the warehouse. In the cross-examination, he testified as follows:

"Q. On May the 4th, did you leave the building prior to your son leaving, in the afternoon?

"A. I think I did, yes sir.

"Q. Then, it would be his job, as being in charge of the building, to see that the building was secured?

"A. Yes sir.

"Q. You don't know the state of that building then, of your own knowledge, other than what usually happens? Is that correct?

"A. Yes sir.

"Q. You're not telling me that the last person left the building on May 4th, that the window was locked, of your own knowledge, are you?

"A. No, I don't know that it was locked.

"\* \* \*

"Q. You're not telling us that you closed the door and locked it and were the last person to leave the Thurman Bridge and Block Company?

"A. I do not." (Tr. 26–27).

The defendant's first three propositions assert that the State of Oklahoma totally and wholly failed to show by any evidence either directly or circumstantially that a forceable entry was made. We are of the opinion that these propositions are well taken. In the early case, Yeager v. State, Okl.Cr., 169 P.2d 579, the Court stated: "There must be some proof either direct or circumstantial, that the building was in

fact broken into." In the instant case, the state failed to prove a forceable entry.

Witness Thurman, testified that he did not have personal knowledge that the doors or windows were closed when he left the premises. Although the defendant was observed leaving the building, there was a total lack of evidence to reflect that a forceable entry had been made. The judgment and sentence is reversed and remanded.

SIMMS, and BRETT, JJ., concur.