585 P.2d 382 (1978)
In the Matter of J.E.S., a child under the age of 18 years.
No. J-78-51.
Court of Criminal Appeals of Oklahoma.
October 11, 1978.
James T. Branam, Antlers, for appellant.
Don Shaw, Dist. Atty., Joe Tom Smith, Asst. Dist. Atty., Pushmataha County, for appellee.

*383 OPINION
CORNISH, Judge:
Appellant, J.E.S., a child under the age of 18 years, was adjudicated a delinquent in the District Court, Pushmataha County. A jury was waived. After a dispositional hearing, the court ordered the appellant committed to the care, custody and control of the Department of Institutions, Social and Rehabilitative Services (DISRS) for an indeterminate period of time or until said child reaches the age of 18 years. From these findings and orders an appeal has been made to this Court.
A petition to adjudicate the appellant a delinquent was heard on December 16, 1977. The State's primary witness was Mrs. Mary Sue Walker, the administrative assistant of the Clayton Public Schools. She testified that she came to her office at approximately 2:00 p.m. on the Friday after Thanksgiving, which was a school holiday. She said she opened the door to her office, saw a dark figure, and thereupon switched on the lights. The office was in disarray and the 2' X 3' built-in wall safe was on its side in the middle of the floor. When she backed out of her office and as she went out the door she looked through the crack between the door and the wall and saw the appellant standing behind the door. She had seen the appellant many times before in her jobs within the school system and had known him since he first came to the school district in the second grade. She left the building and notified the police. The office was unoccupied when the police arrived.
The appellant testified that during the time in question he was eating lunch at his house, located several miles out of town. This account was supported by the testimony given by his mother.
In addition to the adjudication proceeding, the appellant was on parole for a former juvenile offense at the time of the burglary. A petition was filed with the DISRS parole board to have his parole revoked. A hearing was held on December 6, 1977, and the evidence was found to be insufficient for revocation of parole.
The appellant's first proposition of error is that the evidence against him was insufficient to support the finding of the court. The burden of proof for an adjudication of delinquency is proof beyond a reasonable doubt. Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The burden on the State for establishing nonamenability to rehabilitation for purposes of a certification hearing is proof by substantial evidence. Matter of R.M., Okl. Cr., 561 P.2d 572 (1977).
In the instant case, the evidence is sufficient to establish the elements of Burglary in the Second Degree. We have said that there must be some proof, either direct or circumstantial, that the building was broken into. See, Mougell v. State, Okl.Cr., 502 P.2d 344 (1972). The superintendent of the Clayton Public Schools established that the office in which the appellant was seen had been secured by him on Friday morning when he left the building around 11:30. He further established that there was property kept within the office. Mary Sue Walker, the Administrative Assistant of the school, unequivocally identified the appellant as the person she espied through the crack of *384 her office door that Friday, about 2:00 p.m. Both the superintendent and Ms. Walker testified that they had given no one permission to enter the office. Officer Frasier of the Clayton Police Department could not state that the scratch marks found on the outside entrance to the building were sufficient to have forced the door open. He also did not see any scratch marks on the office door. However, the fact that the appellant was seen inside the office in the building where the office had been secured prior thereto circumstantially established the fact of breaking and entering.
Although it does not appear that any property was taken, actual stealing is not a requisite element of the crime. The crime was complete when the breaking and entering with intent to steal was effected. Cooper v. State, Okl.Cr., 490 P.2d 762 (1971), and Heinrich v. State, Okl.Cr., 482 P.2d 629 (1971). The intent to steal can be determined from the fact that the safe had been ripped out of the wall and laid on the floor; the scratch marks evident around the safe doors; and the fact that some desks and file drawers had been disturbed.
The testimony of the appellant and his mother was that the appellant was at home with her when Ms. Walker discovered the intruder in her office. We have often held that where there is competent although conflicting evidence in the record from which the trier of fact could reasonably conclude that the appellant was guilty, this Court will not weigh the evidence. See Hall v. State, Okl.Cr., 548 P.2d 672 (1976). We, therefore find this proposition of error to be without merit.
The appellant, in his second assignment of error, asserts that jeopardy attached after the DISRS hearing for parole revocation, which hearing was based in part on the school break in. Therefore, he contends, the subsequent adjudication of delinquency by the Juvenile Division of the District Court, based on the school break in constituted double jeopardy. In Pickens v. State, Okl.Cr., 393 P.2d 889, 891 (1964), we said:
"Jeopardy, in its constitutional and common-law sense, has a strict application to criminal prosecutions only; and the word `jeopardy', as used in the Constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when put upon trial before a court of competent jurisdiction under an indictment or information sufficient in form and substance to sustain a conviction."
The situation presented in this case is not one of double jeopardy. The DISRS hearing was to determine whether parole granted in connection with a former offense should be revoked on the basis of appellant's alleged involvement in the school break in. The board which conducted this hearing was not a part of the state judiciary. The appellant, at the DISRS hearing, was not in danger of conviction or punishment for the school break in. The Juvenile Division of the District Court determined the issue of the delinquency of the child, arising from the current offense committed while the appellant was on parole, and the disposition of the appellant based on this current offense. The proceeding within DISRS for revocation of parole derived from their authority over the appellant based on his first adjudication of delinquency and the disposition of the appellant to DISRS in connection thereto.
In Marutzky v. State, Okl.Cr., 514 P.2d 430 (1973), this Court considered a situation analogous to the one presented in this appeal. The appellant therein was arguing that jeopardy had attached to the first parole revocation hearing and that a second parole revocation hearing constituted double jeopardy. Both hearings were based on the same incident. But at the second hearing, the fact of his conviction based on that incident, was used for revocation. This Court, in considering the characteristics of a revocation hearing said:
"... There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation *385 of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence."
Therefore, we conclude that jeopardy did not attach at the DISRS hearing so as to preclude the Juvenile Division of the District Court from adjudication is delinquency.
The adjudication is accordingly AFFIRMED.
BUSSEY, P.J., and BRETT, J., concur.