**Leonard Earl JENNINGS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12644.

Court of Criminal Appeals of Oklahoma.

April 29, 1959.

Paul Updegraff, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Leonard Earl Jennings, hereinafter referred to as defendant, was charged by information with the crime of manslaughter in the first degree. He was tried before a jury in the district court of Cleveland County. The defendant was found guilty of manslaughter, 2nd degree, and his punishment affixed at one year in the county jail. The defendant lodged his appeal from said judgment and sentence in this court in due time. This action arose out of the death of Ernest L. Huckleberry resulting from an automobile collision between two cars, one of which the defendant was alleged to have been driving. The charging part of the information read as follows:

"* * * that on the 22nd day of June, A.D., 1956, and anterior to the presentment hereof, in Cleveland County, State of Oklahoma, Leonard Earl Jennings, late of said County and within the jurisdiction of said court, did unlawfully, wilfully, wrongfully and feloniously commit the crime of Manslaughter in the First Degree: That is to say, the said defendant, Leonard Earl Jennings, did then and there in the County of Cleveland and State of Oklahoma, on or about the 22nd day of June, 1956, wilfully, unlawfully, knowingly, wrongfully and feloniously without design on the part of said Leonard Earl Jennings to effect the death of one Ernest L. Huckleberry, while said defendant was engaged in the commission of a misdemeanor, to-wit: The crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor as defined by Title 47, Section 93 of the Oklahoma Statutes as amended in the manner and form as follows, to-wit: That the said defendant did then and there wilfully, wrongfully, knowingly and unlawfully operate, drive and propel a certain motor vehicle, to-wit: A 1952 Ford Sedan Automobile bearing 1956 California License No. AXZ 195, while he, the said defendant, was under the influence of intoxicating liquor, from a point unknown to complainant to a point approximately three miles south of the city limits of the town of Noble, Cleveland County, Oklahoma, on U. S. Highway #77, said highway running from Purcell, Oklahoma to Noble, Oklahoma, while negotiating a hill in said highway and traveling in a southeasterly direction, and did drive to the left of the center of the roadway upon meeting a vehicle proceeding in the opposite direction, also in violation of Title 47, Section 121.4, and did then and there become involved in a collision with a 1955 Oldsmobile Sedan Automobile bearing 1956 Oklahoma License No. 1-127259, then and there owned and being driven and operated in a northwesterly direction by Ernest L. Huckleberry, and did then and there wilfully, unlawfully, wrongfully, negligently and feloniously inflict certain mortal wounds upon the said Ernest L. Huckleberry, then and there riding in the automobile and being driven by the said Ernest L. Huckleberry, and as a result of said automobile collision, and said mortal wounds; the said Ernest L. Huckleberry, did, on the 22nd day of June, 1956, die, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Oklahoma."

The defendant advances three assignments of error upon which he relies for reversal as follows:

1. The Court erred in not sustaining the demurrer to the information or strike a portion thereof because of duplicity.

2. The Court erred in permitting a disqualified juror to serve.

3. The Court erred in refusing to direct a verdict of not guilty.

The assignments will be discussed as they are listed. The defendant in the first contention of error asserts that the information was duplicitous because it charged two separate crimes: "Effecting the death of Huckleberry while engaged in a misdemeanor, to-wit: the crime of operating a motor vehicle while under the influence of intoxicating liquor, and of another misdemeanor, driving to the left of the center of the road." Defendant cites no comparable authority in support of his assertion.

■ An examination of the information will reveal that one crime is charged: manslaughter in the first degree. The allegations defining the method by which the crime was committed, such as driving while under the influence of intoxicating liquor and driving to the left of the center line are descriptive of the basis for the manslaughter charge and do not charge other and separate offenses. There was but one charge set forth in the information, to-wit: Manslaughter, in that defendant effected the death of Ernest L. Huckleberry while engaged in the commission of a misdemeanor; the misdemeanor being driving while under the influence and on the wrong side of the road. This court fails to see that the information was duplicitous and considers the first contention of error without merit.

Defendant next complains that the court erred in permitting a disqualified juror to serve.

■ This contention arises from the fact that a juror had served in the fall term of court preceding this term and within a space of time of less than one year. Counsel for the defendant states in his brief that he was unaware of the juror's former service until after the trial. Defense counsel does not purport to have questioned the jurors as to their qualifications. Under previous holdings of this court counsel is invested with the duty to make such inquiry on voir dire examination and if he fails to pursue his examination of the jury to the fullest extent he is not permitted to later contend that his client was prejudiced by lack of information that could have been known by diligent inquiry. This court said in the case of Parish v. State, 77 Okl.Cr. 436, 142 P.2d 642, 646;

"It is the duty of the defendant to question the jurors on their voir dire as to their qualification; and if he fails to do so, he waives any objections on that point, even though the disqualification is unknown to him until after the rendition of the verdict."

Also this court held in a very early decision in the case of Fooshee v. State, 3 Okl.Cr. 666, 108 P. 554:

"The statutory inhibition against placing an electors name in the jury box who has served upon a regular jury panel within 12 months last past is not mandatory, but only directory; and a violation thereof as to any person will not vitiate the jury list, but will render such person subject to challenge for cause when called upon to serve the second time. If, however, he be not challenged on that ground, the question of his competency cannot afterward be raised."

A review of these cases compel the court to hold adverse to defendant's contention in the second assignment of error.

■ Defendant's third assertion of error claims that the court erred in failing to sustain a demurrer to the evidence. In this connection the court is fully aware of the tremendous conflict in the testimony as to how the wreck occurred which resulted in the manslaughter charge. The evidence is most confusing and between the state and defendant presents a direct contrast. However, a close examination of the same reveals sufficient evidence if believed, to support the finding of the jury. The state produced as a witness Richard Huckleberry, a 13 year old boy who was an occupant of the car which the deceased was driving at the time of the collision. Said witness was vague and uncertain. His

testimony is confusing and requires close scrutiny to detect its meaning. A portion of his testimony makes it appear that the deceased was driving in the wrong lane of traffic at the point of impact, but clarifies his position by saying that his father (the deceased) "swung over to avoid it," the inference being that defendant's car was on the wrong side of the road. Patrolman Allen testified that he arrived at the scene some 30 minutes after the collision and that defendant was pinned in his car. Patrolman Allen assisted in rescuing defendant from the car. He testified that defendant smelled strongly of alcohol and that a pint bottle had been broken in defendant's car. He also talked with defendant a short time later at the hospital and in his opinion defendant was intoxicated. Patrolman Allen reconstructed the wreck by the marks on the highway and testified the point of contact was 20 inches to the right of the center line in the lane of the deceased's vehicle thus placing defendant on the wrong side of the road at the time of the collision which resulted in the death of the deceased. Defendant's testimony was in contrast and he in substance testified that he was driving in the proper lane of traffic at the time of the impact and was without fault in the matter. This court has consistently held that conflicting evidence presents a question for the determination of the jury and where there is any evidence reasonably tending to support the finding of the jury, the same will not be reversed, vacated or set aside on appeal for insufficiency of evidence. Bradford v. State, Okl.Cr., 331 P.2d 485. Such is the case before us as the Court finds sufficient evidence, though a conflict exists, to amply support the jury's finding. The court is not in a position to substitute its opinion for that of the jury as it was their sole province to weigh the evidence and ferret out the truth as it appeared to them. The judgment and sentence of the trial court is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.