William Thomas RYANS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13418.

Court of Criminal Appeals of Oklahoma.

May 20, 1964.

J. W. Murphy, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

William Thomas Ryans, hereinafter referred to as defendant, was charged by information in the Court of Common Pleas of Oklahoma County with the crime of Aggravated Assault and Battery. He was tried by a jury, found guilty, and sentenced to One Year in the county jail. From this judgment and sentence he now appeals to this Court asserting three propositions of error.

From the record, it would seem that defendant and his brother along with several other friends were drinking beer at the 333 Club on October 20, 1962. A fight ensued between the defendant and Gerald Collier (another patron of the bar) with defendant ending up stomping Collier on the floor with his feet, wearing heavy driller's boots. Both sides tell a different story as to how the fight started; defendant stating that Collier struck the first blow and Mrs. Collier stating that defendant did.

Counsel for defendant takes a lengthy description of testimony from the record, contending there was not sufficient evidence to sustain the verdict.

After a careful examination of the record, this Court found there *was* sufficient evidence on the part of the State to support the conviction for Aggravated Assault and Battery; as the evidence presented on the part of the defendant would have entitled him to an acquittal *if so believed by the jury*.

And therein lies the crux of the situation presented in this case.

The jury trial is the basis for our judicial system in this country. They are in a better position to weigh the testimony presented. They can observe the witnesses and judge their truthfulness for themselves.

This Court has never interfered where there is sufficient evidence to sustain the verdict. This is a case where the jury could have believed either story—the fact that they chose to disbelieve the defendant's theory of self-defense is not error. In the case of Hickman v. State, Okl.Cr., 344 P.2d 593, this Court held:

> "A conflict in the testimony constitutes a question for the jury and where there is competent evidence upon which the jury can base their verdict it will not be disturbed by this court because there is a conflict in the testimony."

See also, Jennings v. State, Okl.Cr., 339 P.2d 792; Townley v. State, Okl.Cr., 355 P.2d 420; Gillespie v. State, Okl.Cr., 355 P.2d 451; Perrymore v. State, Okl.Cr., 366 P.2d 770, and many others.

Furthermore, the trial judge properly instructed the jury on defendant's theory of self-defense in instructions #8, 9, 10, 11, and 12. There were no objections on the part of the defendant, nor any requested instructions.

Defendant further contends that the State failed to show that Collier received "serious bodily injury" which is required under Title 21 O.S.A. § 646 to sustain the charge of aggravated assault and battery, which statute reads:

> "An assault and battery becomes aggravated when committed under any of the following circumstances:
>
> "(1) When great bodily injury is inflicted upon the person assaulted;
> * * *."

Counsel evidently overlooks the testimony in the record concerning Mr. Collier's injuries and condition, which is shown briefly by the following excerpts from the casemade:

> "Mr. Collier was in the hospital 1 week." (CM 32, 91)

> "In the Veterans Hospital a month and back on occasions." (CM 33)

> "Limps now and didn't before." (CM 55)

> "Can't do any work now." (CM 65)

> "Abrasions about the mouth and 2 black eyes." (CM 78)

> "Cut on the nose." (CM 79)

> "Reactions slow." (CM 94)

> "Loss of Memory." (CM 96, 101)

> "Dr. T. M. Rutherford's medical description of Mr. Collier's condition." (CM 90, 91, 92, 97–99)

It is the opinion of this Court that this testimony and evidence amply sustains "great bodily injury".

Defendant next contends that the assistant county attorney, in his opening statement, incorrectly stated the crime to have been committed on October 22, 1962, instead of the correct date of October 20, 1962, and that this prejudiced the defendant in the eyes of the jury. This we cannot see, as it was obviously a "slip of the tongue", *and does not even appear in the casemade.* The amended information correctly states the date, as did every witness who testified on the part of the state. This Court cannot see whereby defendant was prejudiced under these circumstances.

Defendant contends in a general complaint that there was passion and prejudice in nearly every phase of the trial. Here again, the record does not bear this out, nor does counsel for defendant in the record, as this was not raised at any point until the State offered photographs into evidence (Exhibit Nos. 1 & 2) and then counsel indicated he had no objection to them. From then on, we do not find another objection on bias, passion, or prejudice. Nor is this contention supported by any authorities. This Court has held in numerous cases, as in Berry v. State, Okl. Cr., 326 P.2d 828:

> "It is necessary for counsel for plaintiff in error not only to assert error,

but to support their contention by both argument and citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search.the books for authorities to support the mere assertion that the trial court has erred."

There being no contention meritorious enough to warrant reversal, the judgment and sentence of the trial court is hereby affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.