Jimmy Joe YARBROUGH, Plain-
tiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14458.

Court of Criminal Appeals of Oklahoma.

June 25, 1969.

T. Hurley Jordan, Asst. Public Defender, for plaintiff in error at trial.

Albert v. Alexander, Oklahoma City, Staff Atty., Legal Aid Society of Oklahoma County, Inc. for plaintiff in error on appeal.

G. T. Blankenship, Atty. Gen., Gene Hoyt, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Jimmy Joe Yarbrough, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Robbery with Firearms, After Former Conviction of A Felony. He was tried by a jury, and his punishment assessed at Forty Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

Briefly, the facts as stated from the record, establish that the Ridgecrest Pharmacy was robbed by a gunman late on the night of November 26, 1966. The owner of the pharmacy, an employee, and a customer all identified the defendant as the man who robbed the pharmacy. The State also presented the testimony of police officer Calvary, who arrested defendant later that night. That defendant presented 3 alibi witnesses, and the defendant took the stand also, all of whom testified that defendant was in the Exchange Avenue Bar off and on during the night in question.

Defendant's first proposition of error is that defendant did not have adequate representation during his trial. We have searched the record, and find no objection to the defense counsel by defendant during the trial or after. This Court stated in Manley v. Raines, Okl.Cr., 348 P.2d 189, that: "The burden is on petitioner to show facts; to show that he objected to being represented by counsel; that counsel failed in some manner to properly present petitioner's defense * * *."

In the instant case, the Assistant Public Defender, T. Hurley Jordan, who represented defendant at trial, is a member in good standing of the Oklahoma Bar Association. He is a capable trial lawyer. This Court knows that every good lawyer gets beat in an occasional law suit. An attorney is not required to be infallible. It was stated in United States ex rel. Weber v. Ragen, 176 F.2d 579 (2nd Cir. 1949):

"A defendant in criminal prosecution for whom an attorney is appointed by court is entitled to a fair trial, not to a perfect

trial, and services of appointed attorney meet requirements of due process of law clause of Fourteenth Amendment where appointed attorney is a member in good standing at the bar, gives defendant his complete loyalty, serves defendant in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. U.S.C.A.Const. Amend. 14."

After a careful examination of the record in the instant case, it is the opinion of this Court that the court-appointed attorney did not fail in his representation of defendant at the trial. He took an active part in the trial, presented a defense of alibi, vigorously cross-examined the State's witnesses, and presented the case to the jury with much more than just a token representation. He actively participated in the defense of his client, and this Court is of the opinion that none of the sub-divisions raised in the brief of defendant under this proposition have any merit whatsoever.

■ Defendant further complains of an illegal search and seizure. The act complained of was the discovery of some of the money in defendant's shoe, when he was booked at the police station. This is ordinary practice before putting a prisoner into jail, to search him for weapons, and to place all valuables and money in safe-keeping before placing anyone in jail. We deem this to be without merit.

■ Defendant's second proposition of error is that the evidence was not sufficient to sustain the verdict of the jury. To this we cannot agree. There was an abundance of testimony, plus identification by three eyewitnesses. The fact that the jury did not believe the witnesses presented for the defendant, and chose to believe the State's witnesses is not error. As this

Court stated in Ryans v. State, Okl.Cr., 392 P.2d 501 (1964):

"The jury trial is the basis for our judicial system in this country. They are in a better position to weigh the testimony presented. They can observe the witnesses and judge their truthfulness for themselves. This Court has never interfered where there is sufficient evidence to sustain the verdict."

In the instant case, the jury could have believed either story, and had they believed the defendant's, he would have been entitled to acquittal.

This Court stated further in the *Ryans* case, supra:

"A conflict in the testimony constitutes a question for the jury and where there is competent evidence upon which the jury can base their verdict it will not be disturbed by this Court because there is a conflict in the testimony."

Defendant's last proposition of error is that the sentence is excessive in light of the circumstances.

■ This Court is of the opinion that the defendant, taking into consideration the facts of the robbery herein and his former record, received much less than the maximum sentence, and we do not find it to be excessive.

We would like to commend Mr. Albert V. Alexander, Staff Attorney for the Legal Aid Society of Oklahoma County, Inc., for the fine brief filed in behalf of the defendant on appeal.

Based on the conclusions of law set forth above, it is the opinion of this Court that the judgment and sentence appealed from be, and the same is, hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.